William JACKSON, Movant,

v.

COMMONWEALTH of Kentucky,
Respondent.

Supreme Court of Kentucky.

May 25, 1982.

Jack E. Farley, Public Advocate, Frankfort, G. Patrick Thompson, Brandenburg, for movant.

Steven L. Beshear, Atty. Gen., Virgil W. Webb, III, Asst. Atty. Gen., Frankfort, for respondent.

STERNBERG, Justice.

After movant's arrest and initial appearance on misdemeanor charges of possession of controlled substances (marijuana and PCP) in district court, the Clark County Grand Jury indicted him. The indictment charged movant William Jackson with (1) "knowingly and unlawfully trafficking in a Schedule II Controlled Substance, Phencyclidine (PCP), non-narcotic;" (2) aiding and abetting in the trafficking of same; and (3) being a persistent felony offender in the second degree. Subsequent to the return of this indictment and prior to trial thereon in the circuit court, movant pled guilty to the misdemeanor *possession* charges in district court and received a four-month sentence.

During the trial in the circuit court movant objected to an instruction on possession of PCP, claiming (1) that possession of a controlled substance is not a lesser included offense of trafficking, and (2) that he had already pled guilty to the possession charge in district court. The trial judge overruled the objection, holding possession to be a lesser included offense of trafficking and that the district court lost jurisdiction over the lesser included offense when the grand jury returned the indictment. The trial jury convicted movant on the possession charge, and the circuit court sentenced movant to 12 months in jail and imposed a $500 fine.

Movant appealed to the Court of Appeals, which rejected his argument and affirmed. This court granted discretionary review on December 8, 1981, to consider the sole argument raised by movant.

"THE APPELLANT'S DUE PROCESS RIGHT NOT TO BE PLACED IN DOUBLE JEOPARDY FOR THE SAME OFFENSE WAS VIOLATED WHEN THE TRIAL COURT INSTRUCTED THE

JURY AND THE JURY CONVICTED THE APPELLANT ON AN OFFENSE TO WHICH HE PREVIOUSLY PLED GUILTY."

Disposition of this issue requires us to answer two determinative questions: (1) Is possession a lesser offense that is included within a trafficking charge and, if so, (2) did the action of the district court in accepting a plea of guilty to the possession charge after the return of the grand jury's indictment for trafficking preclude a circuit court conviction on the same possession charge? We answer the first question in the affirmative and the second in the negative. We affirm.

Movant bases his contention that possession is not a lesser included offense of trafficking upon our decision in *Brock v. Commonwealth,* Ky., 479 S.W.2d 644 (1972). This reliance is misplaced. Our recent case of *Klee v. Lair,* Ky., 621 S.W.2d 892 (1981), while not mentioning the *Brock* case, at least impliedly rejects its rationale concerning possession as a lesser included offense of trafficking. In *Klee* we wrote:

"In the case at bar, upon appellant's first trial the jury was instructed on trafficking in or transferring a schedule II controlled substance as well as on possession of a schedule II controlled substance. The indictment against appellant charged only the principal offense. The jury found him guilty of the lesser included offense (possession), which had the effect of finding appellant not guilty of the principal offense...." 621 S.W.2d at p. 893.

■ We now have occasion to express directly what was understood in *Klee*: under our current statutes, possession of a controlled substance is a lesser offense included within the trafficking charge. An offense is included if it is established by proof of the same or less than all the facts required to establish the commission of the greater offense. KRS 505.020(2)(a). The Controlled Substances Act states that traffic "means to manufacture, sell, transfer or possess with intent to sell a controlled substance." KRS 218A.010(19). Given this, possession must be considered a lesser included offense. It is established by proof of less than all the facts required to establish the trafficking charge or, as noted in *Brock,* each offense does not require proof of a different fact.

Having determined that possession is a lesser included offense of trafficking, we must consider what effect movant's plea to the lesser included offense in district court subsequent to the indictment on the trafficking charge had on the circuit court's authority to give a possession instruction. This case presents our first opportunity to pass on this issue.

The Kentucky Constitution provides that "The Circuit Court shall have original jurisdiction of all justiciable causes not vested in some other court." Ky.Const. Sec. 112(5). Under our constitution the district court is a court of limited jurisdiction whose original jurisdiction is controlled by the legislature. Ky.Const. Sec. 113(6). KRS 24A.110 outlines the criminal jurisdiction to make final dispositions of misdemeanors "*except* where the charge is joined with an indictment for a felony." KRS 24A.110(2) (Emphasis added.)

Under movant's reasoning, each time the Commonwealth sought an indictment for a felony charge, the prosecutor would have to indict on all possible lesser included offenses which the facts at trial might establish. Otherwise, a defendant could arrange to dispose of the lesser included misdemeanor charge in district court, and under our decisions and United States Supreme Court rulings preclude, on double jeopardy grounds, a trial in the circuit court of the greater offense. See *Klee,* supra. We refuse to read KRS 24A.110 in a manner which produces such an absurd result.

■ We hold that the district court has no power to dispose of any charges which constitute lesser included offenses of the felony charged in the indictment. Specifically, we hold that once the indictment was returned charging the offense of trafficking, the district court no longer had jurisdiction to make final disposition of the offense of possession.

This court has already held, in interpreting KRS 24A.110, that "the statutes unequivocally place jurisdiction in the circuit court when such an indictment charges both a felony and a misdemeanor. *Keller v. Commonwealth*, Ky., 594 S.W.2d 589 (1980). Our extension today of the *Keller* rationale constitutes the only plausible interpretation of KRS 24A.110 as applied to the facts of this case.

The decision of the Court of Appeals is affirmed.

All concur except CLAYTON, J., who did not sit.