Tony **POWELL**, a/k/a Michael Foster, Appellant,

v.

**COMMONWEALTH** of Kentucky, Appellee.

No. 91–CA–001554–MR.

Court of Appeals of Kentucky.

Dec. 11, 1992.

Robert Prescott Ford, Louisville, for appellant.

Chris Gorman, Atty. Gen., Timothy A. Langford, Vickie L. Wise, Asst. Attys. Gen., Frankfort, for appellee.

Before JOHNSON, McDONALD and STUMBO, JJ.

STUMBO, Judge:

Tony Powell, a/k/a Michael Foster, appeals a judgment of the Carlisle Circuit Court sentencing him to five years in prison and imposing a fine of $5,000 for possession of cocaine, and sentencing him to three months in prison for possession of marijua-na, with said sentences to be served concurrently. After reviewing the record, we reverse.

On March 29, 1990, the Carlisle County Sheriff's Department executed a search warrant on the residence of Jeff and Theresa Perry. Along with various objects of drug paraphernalia, the officers found both cocaine and marijuana in the Perry residence. As a result of the search, various charges were brought against the Perrys, as well as the Appellant and his girlfriend, Valarie Dunlap, Theresa Perry's sister. The Appellant and Dunlap had been living with the Perrys for approximately one month prior to the search and were present when the search was conducted.

■ The Appellant contends that the trial court erred by allowing a police officer to testify about his post-custodial statements without requiring the Commonwealth to show that these statements met the admissibility requirements of *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). However, the record reveals that the Appellant did not object to any of this testimony when it was offered at trial. Accordingly, this issue is not preserved for appellate review. Rcr 9.22.

The Appellant next complains of error in the court's definition of possession in its instructions. This definition provides as follows:

> Possession as used in this instruction means not only actual physical control but also constructive possession by being subject to a persons [sic] dominion and control.

In overruling the Appellant's objection to this instruction, the trial court noted that in *Hargrave v. Commonwealth*, Ky., 724 S.W.2d 202 (1986), the Kentucky Supreme Court cited *Rupard v. Commonwealth*, Ky., 475 S.W.2d 473 (1972), for the proposition that "a defendant may be shown to have had constructive possession by establishing that the contraband involved was subject to his dominion and control," and that the instruction in question was simply paraphrasing the Court's language. The Appellant contends that the proper defini-

tion of constructive possession is given by KRS 500.080(14), which reads as follows:

"Possession" means to have actual physical possession or otherwise to exercise actual dominion or control over a tangible object.

While conceding that he was tried for violations of KRS 218A.140(2) and that the statutory definition quoted above is strictly applicable only to Penal Code offenses, the Appellant cites *Shepherd v. Suburban Motor Freight*, Ky.App., 780 S.W.2d 633 (1989), in support of his argument that the statutory definition should be persuasive authority in defining constructive possession for drug offenses outside of the Penal Code.

 While the point of law set forth in *Rupard* and *Hargrave* is sound, we note that neither case dealt with a challenge to the trial court's definition of constructive possession. Moreover, the instruction actually given by the trial court appears to authorize conviction because the items in question were *possibly* within the Appellant's constructive possession, rather than *actually* being within his dominion and control. The definition of constructive possession given under KRS 500.080(14) clearly sets forth the actual dominion and control requirement. Since KRS Chapter 218A does not contain a definition of "possession" and offenses committed under that chapter are subject to criminal prosecution, albeit not under the Penal Code, we find that the definition of possession set forth in KRS 500.080(14) is the proper definition to be contained in the jury instructions for cases arising under KRS Chapter 218A. Accordingly, we find that the Appellant's conviction for possession of cocaine must be reversed.

In a related issue, the Appellant contends that the trial court erred by denying his motion for a directed verdict. As grounds for this motion, Appellant asserted that the Commonwealth had failed to introduce any evidence to show actual or constructive possession by the Appellant of either cocaine or marijuana, and had failed to establish that the offense, if any, occurred in Carlisle County. The latter ground has

been waived on appeal; therefore, our analysis is limited to the sufficiency of the evidence issue. In *Commonwealth v. Sawhill*, Ky., 660 S.W.2d 3, 5 (1983), the appellate standard of review for directed verdict motions was set forth as follows:

If under the evidence as a whole it would not be clearly unreasonable for a jury to find the defendant guilty, he is not entitled to a directed verdict of acquittal.

With this standard in mind, we now turn to an examination of the evidence given at trial.

The Commonwealth attempted to show at trial that the cocaine found at the Perry residence actually belonged to the Appellant, even though all of the cocaine seized from the residence was found in the Perry's bedroom. To prove this assertion, the Commonwealth offered the testimony of Jeff and Theresa Perry, both of whom had earlier entered into plea bargains with the Commonwealth. In summary, they testified that they had sold marijuana from their residence prior to February of 1990, when the Appellant and Dunlap began living with them, but only began selling cocaine after Appellant talked them into doing it. They testified that they made three trips to Memphis, Tennessee, where the Appellant had previously resided, and that the Appellant procured cocaine on each of these trips. The Perrys also testified that the Appellant received almost all of the profits from the cocaine sales. There was also testimony to the effect that all four of the inhabitants of the Perry residence had been using cocaine or marijuana and had free access to the drugs stored in the Perry's bedroom.

 Neither the Appellant nor Dunlap testified at trial. However, by a motion in limine, Dunlap requested that the court exclude any testimony from the Perrys concerning the alleged drug transactions in Tennessee by the Appellant as irrelevant because she was not charged with any trafficking offenses, but with felony possession of cocaine and of marijuana under eight ounces, a misdemeanor. While the Commonwealth correctly points out that the Appellant did not originally make this

motion, the record reveals that the Appellant, who was facing the same charges as Dunlap, specifically joined in making this motion. Accordingly, this issue is preserved for appellate review.

 If Appellant had been charged with trafficking in cocaine, the evidence concerning the alleged drug transactions in Tennessee would obviously be relevant. However, since the Appellant was charged with mere possession of cocaine, the only transaction with any possible relevance to that charge was the last one, which occurred within a week of the date of the seizure, if the evidence shows that it was that cocaine that was seized. Such evidence would be relevant to show that Appellant had possession, at least constructively, on the date in question, March 29, 1990. Evidence tending to show the commission of a crime other than the one charged is admissible if it is relevant to an issue in the case (possession), and the possibility of prejudice to the accused is outweighed by the probative worth and need for the evidence. *Sanders v. Commonwealth*, Ky., 801 S.W.2d 665, 674 (1990), *citing O'Bryan v. Commonwealth*, Ky., 634 S.W.2d 153 (1982). We find that the Appellant's motion in limine should have been sustained, with the possible exception of the last transaction. Since the possibility of prejudice to the defendant from this tainted testimony is so high, we also reverse the conviction for possession of marijuana. However, we feel that the admissible evidence offered by the Commonwealth was sufficient to survive Appellant's directed verdict motion. Accordingly, we remand this case to the trial court with directions that an evidentiary hearing be held to determine whether the third alleged drug transaction is relevant to prove the possession of cocaine charge against the Appellant. While any argument concerning the Commonwealth's closing argument has been waived under RCr 9.22 because of defense counsel's failure to object, the Commonwealth should refrain from any comments concerning the Appellant's failure to testify on the retrial of this case if the Appellant chooses that option. "A prosecutor must conduct himself with due

regard to the proprieties of his office and . . . see that the legal rights of the accused, as well as those of the Commonwealth, are protected." *Moore v. Commonwealth*, Ky., 634 S.W.2d 426, 437 (1982), *citing Bowling v. Commonwealth*, Ky., 279 S.W.2d 23, 24 (1955).

Therefore, the judgment of the Carlisle Circuit Court is reversed and remanded for further proceedings consistent with this opinion.

All concur.