A94A0987. SIMPSON v. THE STATE.
(444 SE2d 115)

BLACKBURN, Judge.

Appellant, Mitchell Simpson, was convicted under OCGA § 16-11-131 of two counts of possession of a firearm by a convicted felon brought under separate indictments. On appeal, Simpson contends the trial court erred in denying his motion for a directed verdict of acquittal, admitting a copy of a pawn ticket into evidence, and in-

structing the jury on constructive possession.

1. OCGA § 16-11-131 (b) provides in part: "Any person . . . who has been convicted of a felony by a court of this state . . . and who . . . possesses . . . any firearm commits a felony." Simpson does not dispute that on March 28, 1986, he was convicted of a felony violation of the Georgia Controlled Substances Act. Rather, Simpson moved for directed verdict of acquittal stating that the State failed to prove that he had *actual* possession of the two firearms alleged in the indictments.

One indictment alleged Simpson's possession of a .12 gauge shotgun on July 10 and August 24, 1992. At trial, Roy White testified that on July 10, 1992, Simpson completed and signed the required paperwork and redeemed the shotgun from his pawnshop. White further testified that on August 24, 1992, Simpson pawned the shotgun and signed a pawn ticket, representing that the gun belonged to him. On cross-examination, he could not remember whether anyone accompanied Simpson on August 24, 1992, or whether Simpson himself handled the gun on either occasion. However, he did testify that it is his normal redemption procedure to give an item to whomever redeems it and that on July 10, 1992, Simpson had redeemed the shotgun.

Simpson's brother testified that he had kept the shotgun in question at his residence until July 1992, when Simpson called him and told him to meet him at the pawnshop with the gun. Simpson's brother testified that he took the gun to the pawnshop as instructed, laid it on the counter, and that Simpson pawned it. He further testified that he did not recall ever returning to the pawnshop with Simpson and specifically stated he never went to the pawnshop with Simpson to get the gun out of pawn. Simpson himself, however, testified that he had pawned the shotgun several times while it was kept by his brother and that each time the gun was pawned or redeemed, his brother would transport it to and from the pawnshop.

" ' "A directed verdict of acquittal is authorized only where there is *no* evidence to support a verdict to the contrary." ' " *Mathis v. State*, 204 Ga. App. 896, 898 (1) (420 SE2d 788) (1992). In the instant case, there was evidence from which the jury was authorized to find that Simpson possessed the shotgun, and the trial court properly denied the motion for directed verdict with regard to that count.

We reject Simpson's contention that the evidence was insufficient because it failed to establish his actual possession of the shotgun. "The law recognizes two kinds of possession, actual possession and constructive possession. A person who knowingly has direct physical control over a thing at a given time is in actual possession of it. A person who, though not in actual possession, knowingly has both the power and the intention at a given time to exercise dominion or con-

trol over a thing is then in constructive possession of it." (Citations and punctuation omitted.) *Ancrum v. State*, 197 Ga. App. 819, 822 (2) (399 SE2d 574) (1990). The evidence in this case showed that Simpson exercised dominion and control over the shotgun even if his brother participated in the pawn transactions.

The second indictment charged Simpson with possession of a nine millimeter pistol on February 10, 1993. At trial, Scott Taylor testified that on that date Simpson signed the necessary paperwork and pawned the pistol at his pawnshop. Taylor specifically testified that Simpson handed him the firearm. This evidence alone was sufficient to submit the question of possession to the jury, and therefore, the trial court properly denied Simpson's motion for directed verdict of acquittal regarding this count. " 'If there is any evidence of guilt such that an acquittal is not demanded as a matter of law, it is for the jury to decide the case.' " *Parrish v. State*, 182 Ga. App. 247, 249 (5) (355 SE2d 682) (1987).

Viewed in the light most favorable to uphold the jury's verdict, we find the evidence sufficient to authorize any rational trier of fact to find Simpson guilty beyond a reasonable doubt as charged in the two indictments. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Simpson next contends that the trial court erred by admitting into evidence a copy of the pawn ticket from the August 24, 1992, pawn of the shotgun. Specifically, Simpson contends that the pawn ticket, as purposely altered by the trial court, prejudiced the jury because it was apparent that portions of the exhibit had been redacted. This contention is without merit.

At trial, at the recommendation of the prosecuting attorney, the judge, in an effort to preserve justice and protect the due process rights of the appellant, ordered that portions of the pawn ticket be redacted so as to eliminate any reference to "triple beam scales" that Simpson also pawned at the pawnshop. This action by the trial judge was commendable and proper. The pawn ticket was properly admissible as evidence of Simpson's ownership and possession of the shotgun on the date in question, but it was proper to delete the reference to the triple beam scales in order to minimize any prejudicial inference that Simpson was involved in other criminal activity. See *Sessions v. State*, 207 Ga. App. 609, 610 (428 SE2d 652) (1993). Review of the subject exhibit reveals that, without comparing it to the unredacted original, it would be virtually impossible to detect that the document had been altered in any way.

3. Simpson contends that the trial court's jury charge on constructive possession was unauthorized by OCGA § 16-11-131, which does not address alternative types of possession. However, this court has previously held that constructive possession is sufficient to prove

a violation of the subject offense. See *Cantrell v. State*, 204 Ga. App. 330, 331-332 (419 SE2d 141) (1992); *Hamilton v. State*, 179 Ga. App. 434, 435 (1) (346 SE2d 881) (1986). Accordingly, the trial court did not err in instructing the jury on constructive possession.

*Judgment affirmed. Birdsong, P. J., and Cooper, J., concur.*

DECIDED MAY 4, 1994.

*Starling & Starling, Melissa J. Starling*, for appellant.

*H. Donnie Dixon, Jr., District Attorney, Brenda L. Mullis, Assistant District Attorney*, for appellee.