679 A.2d 817

**COMMONWEALTH of Pennsylvania**

v.

**St nley WOODY, Appellant.**

Superior Court of Pennsylvania.

Submitted June 12, 1996.

Filed July 2, 1996.

326

Michael E. Duda, Asst. Public Defender, Harrisburg, for appellant.

Richard E. Guida, Asst. Dist. Atty., Harrisburg, for Com.

Before TAMILIA, JOHNSON and MONTEMURO*, JJ.

TAMILIA, Judge.

Stanley Woody appeals from the November 20, 1995 judgment of sentence imposing a term of eleven and one-half (11½) to twenty-three (23) months' imprisonment and a concurrent term of six (6) to twelve (12) months' imprisonment. Following a jury trial, appellant was convicted of carrying a firearm without a license [1] and unlawful possession of a controlled substance.[2] Also, the trial court adjudicated appellant guilty of driving without a license and imposed a $200 fine. As recited by the trial court, the facts of this case are as follows.

---

* Retired Justice assigned to the Superior Court.

1. 18 Pa.C.S. § 6106.

2. 35 P.S. § 780–113(16).

The defendant was arrested by officers of the Harrisburg Police Department. An officer had stopped the subject vehicle at approximately 4:00 a.m. on May 24, 1995, when he observed the vehicle without headlights on, at 17th and Zarker Streets, in the city of Harrisburg. The driver was asked for his license and registration. He responded that he had no license or registration but acknowledged he was the owner. There was a female passenger in the car. The officer ran a check for any license information and warrants. The check revealed the driver had no license and there was an outstanding warrant for the passenger. The passenger was arrested. Because the driver had no license, the vehicle was to be towed. During the inventory search of the vehicle, a loaded handgun was found underneath the passenger's seat. A second officer then placed handcuffs on the defendant and placed him under arrest. Subsequently, cocaine was found [on the floor behind the driver's seat].

(Slip Op., Lipsitt, J., 12/14/95, pp. 1–2.)

On appeal, appellant first challenges the denial of his suppression motion on the basis that police exceeded the proper scope of an inventory search in retrieving the gun and cocaine from his automobile. The United States and Pennsylvania Supreme Courts have recognized that inventory searches constitute a well-defined exception to the warrant requirement of the Fourth Amendment. *See South Dakota v. Opperman,* 428 U.S. 364, 96 S.Ct. 3092, 49 L.Ed.2d 1000 (1976); *Commonwealth v. Nace,* 524 Pa. 323, 571 A.2d 1389 (1990). The purpose of an inventory search is not to uncover criminal evidence. Rather, it is designed to safeguard seized items in order to benefit both the police and the defendant. So long as the search is pursuant to the caretaking functions of the police department, the conduct of the police will not be viewed as unreasonable under the Constitution. *See Commonwealth v. Scott,* 469 Pa. 258, 365 A.2d 140 (1976). Finally, our Supreme Court has recognized inventory searches in the two areas of automobiles and booking procedures. *Nace, supra.*

■ *Scott* and *Opperman* are seminal cases defining the proper scope of inventory searches of automobiles. In *Scott*, our Supreme Court upheld an inventory search of an impounded automobile which recovered, inter alia, a shotgun from under the front seat and shotgun shells from the glove compartment. *Id.* at 266–267, 365 A.2d at 144. In *Opperman*, the United States Supreme Court upheld the inventory search of an impounded automobile which recovered marijuana from the glove compartment. *Id.* at 365, 96 S.Ct. at 3095, 49 L.Ed.2d at 1003. As both of these cases indicate, it is not necessary that the evidence is in plain view, so long as the search is reasonable and does not go beyond the formalities of an inventory search into a criminal investigation.

■ Instantly, we find the search of appellant's automobile fell clearly within the parameters of an inventory search. As noted by the trial court, appellant had no license to drive and his passenger had been arrested. Since no one was available to move the car, which was blocking the street, the police were required to take custody of the vehicle and an inventory search was proper. Thereafter, the challenged evidence was recovered from the floor of the vehicle, a place where belongings are likely to be found. On this basis, the search was clearly reasonable and did not go beyond the formalities of an inventory search into a criminal investigation. *Opperman, Nace, Scott, supra; contra, see Commonwealth v. Anderl*, 329 Pa.Super. 69, 477 A.2d 1356 (1984) (purported inventory search held invalid where officers removed automobile seats and ripped upholstery looking for contraband). In fact, the search of appellant's automobile was far less intrusive than those validated by the *Opperman* and *Scott* courts, both of which involved recovery of contraband from glove compartments. Thus, suppression was not warranted under the facts of this case and we reject appellant's claim.

■ Appellant also challenges the sufficiency and weight of the evidence sustaining his convictions. Specifically, appellant claims there was no evidence presented at trial that he possessed the firearm and drugs seized from his vehicle. A

"weight of the evidence" claim, for which our scope of review is very narrow, contends the verdict is a product of speculation or conjecture. Such a claim requires a new trial only when the verdict is so contrary to the evidence as to shock one's sense of justice. *Commonwealth v. Ables*, 404 Pa.Super. 169, 179–181, 590 A.2d 334, 339 (1991). A decision regarding the weight of the evidence is within the sound discretion of the trial judge, whose decision will not be reversed on appeal absent an abuse of that discretion. *Commonwealth v. Taylor*, 324 Pa.Super. 420, 471 A.2d 1228 (1984). "In reviewing the trial court's decision concerning the weight of the evidence, an appellate court is not passing on the credibility of witnesses. This is a function that is solely within the province of the finder of fact which is free to believe all, part or none of the evidence." *Commonwealth v. Murray*, 408 Pa.Super. 435, 440, 597 A.2d 111, 114 (1991). In reviewing a sufficiency of the evidence claim, we must determine whether the evidence and all reasonable inferences deducible therefrom, viewed in the light most favorable to the Commonwealth as verdict winner, are sufficient to establish all the elements of the crimes beyond a reasonable doubt. *Commonwealth v. McCullum*, 529 Pa. 117, 602 A.2d 313 (1992).

We reject appellant's weight and sufficiency arguments. Our Supreme Court has discussed the doctrine of constructive possession as follows:

> The purpose of the constructive possession doctrine is to expand the scope of possession statutes to encompass those cases where actual possession at the time of arrest cannot be shown or where the inference that has been actual possession is strong. We have held that constructive possession exists if an individual has 'conscious dominion' over the illegal property. Constructive possession by its nature is not amenable to 'bright line' tests. We have held, therefore, that it may be established by the totality of the circumstances.

*Commonwealth v. Carroll*, 510 Pa. 299, 302, 507 A.2d 819, 820–821 (1986). We find that a jury could reasonably infer, from the totality of circumstances, that appellant maintained con-

structive possession of the firearm and drugs recovered from his vehicle. As apparently believed by the jury as finder of fact, the trial testimony established that appellant was operating the vehicle when stopped and claimed ownership of the vehicle when asked by the arresting officer (N.T., 11/20/95, p. 44). Further, appellant's passenger testified that she had been in the vehicle for only three blocks (N.T. at 70), and she denied ownership of the contraband (N.T. at 75). Thus, the facts as established by the jury indicate that appellant was in constructive possession of both the firearm and the drugs. Based on these facts, we hold that appellant's convictions were sustained by the weight and sufficiency of the evidence.

Having rejected appellant's claims, we affirm the November 20, 1995 judgment of sentence.

Judgment of sentence affirmed.