William Terrell **HOUSTON** aka Terrell Lionel Pauling aka Michael Morris, Appellant,

v.

**COMMONWEALTH** of Kentucky, Appellee.

No. 96–SC–993–MR.

Supreme Court of Kentucky.

Sept. 3, 1998.

V. Gene Lewter, Lexington, for Appellant.

A.B. Chandler, III, Attorney General, Samuel J. Floyd, Jr., Assistant Attorney General, Criminal Appellate Division, Office of the Attorney General, Frankfort, for Appellee.

### OPINION OF THE COURT

Appellant, William Terrell Houston, was convicted in Fayette Circuit Court of various drug related offenses and of being a persistent felony offender in the second degree. He was sentenced to a total of twenty-four years imprisonment and he appeals to this Court as a matter of right.

Appellant's first claim of error regards the enhancement of the penalty imposed upon him pursuant to KRS Chapter 218A, the Controlled Substances Act. Appellant was convicted of trafficking in cocaine, a Class C felony under Kentucky law. KRS 218A.1412(2)(a). This offense was enhanced to a. Class B felony pursuant to KRS 218A.992, which provides for penalty enhancement when the defendant is in possession of a firearm at the time of a drug related offense:

218A.992. Enhancement of penalty when in possession of a firearm at the time of commission of offense.

(1)Other provisions of law notwithstanding, any person who is convicted of any violation of this chapter who was at the time of the commission of the offense in possession of a firearm, shall:

(a)Be penalized one (1) class more severely than provided in the penalty provision pertaining to that offense if it is a felony; or

(b)Be penalized as a Class D felon if the offense would otherwise be a misdemeanor.

(2)The provisions of this section shall not apply to a violation of KRS 218A.210.

According to the evidence at trial, Lexington police officers obtained a search warrant for an apartment based on a confidential informant's disclosure that he had purchased cocaine at that location. Appellant was the only person present at the apartment when police executed the search warrant. The police found quantities of crack cocaine in the kitchen, living room, and in a bedroom of the apartment. They also found firearms in the kitchen and the living room. Appellant told police that he was from Detroit and that he had only been in Lexington for a couple of weeks. He told police that neither the crack cocaine nor the firearms in the apartment belonged to him, but that the contraband belonged to other people from Detroit who were also staying there.

■ Appellant argues that he should have been granted a directed verdict on the issue of possession of a firearm. He asserts that because he did not have actual, physical possession of a gun a directed verdict was appropriate under the holding of *Commonwealth v. Benham*, Ky., 816 S.W.2d 186 (1991). Indeed, appellant did not have actual physical possession of any of the firearms in this case—the police found three firearms in the apartment, but none on appellant's person. A loaded thirty-eight caliber revolver was found on a bottom shelf in the kitchen, a loaded twenty-two caliber revolver was found on a top shelf in the kitchen, and a loaded twenty-two caliber handgun was found on a TV stand in the living room. When the police entered the apartment, they found appellant running from the living room to the bedroom, a room in the apartment where no guns were found. No fingerprints were found on any of the guns.

■ Contrary to appellant's contention however, actual physical possession of a firearm is not required for a jury to find that one has possession of a firearm for purposes of KRS 218A.992. Rather, we hold that a drug violation penalty may be enhanced under KRS 218A.992 if the violator has constructive possession of a firearm. Since as early as 1972, Kentucky courts have utilized the concept of constructive possession to connect defendants to controlled substances. In *Rupard v. Commonwealth*, Ky., 475 S.W.2d 473 (1972), defendants were convicted of possession of marijuana with the intent to distribute or sell after it was determined that they had constructive possession of drugs stored in an abandoned farmhouse. The Court in *Franklin v. Commonwealth*, Ky., 490 S.W.2d 148 (1972), *cert. denied*, 414 U.S. 858, 94 S.Ct. 66, 38 L.Ed.2d 108 (1973), held that the evidence was not sufficient to convict a woman of possession where it was not proved at trial that she frequented a barn where drugs were stored. However, in that case, the Court also noted the "general rule relating to the possession of dangerous drugs is that the possession need not be exclusive. Two or more persons may be in possession of the same drug at the same time and this possession does not necessarily have to be actual physical possession." *Id.*, at 150. *See also: Lindsay v. Commonwealth*, Ky., 500 S.W.2d 786 (1973).

Kentucky courts have continued to utilize the constructive possession concept to connect defendants to illegal drugs and contraband. In *Leavell v. Commonwealth*, Ky., 737 S.W.2d 695 (1987), a defendant who had the key to a vehicle's trunk wherein marijuana was later found was held to be in constructive possession of that drug. In the more recent case *Clay v. Commonwealth*, Ky.App., 867 S.W.2d 200 (1993), the Court of Appeals similarly held that although cocaine was not found on the defendant's person, the defendant could be connected to the drug by the

theory of constructive possession. *See also: Dawson v. Commonwealth,* Ky., 756 S.W.2d 935 (1988); *Hargrave v. Commonwealth,* Ky., 724 S.W.2d 202 (1986), *cert. denied,* 484 U.S. 821, 108 S.Ct. 81, 98 L.Ed.2d 43 (1987).

Although constructive possession has long been used to connect defendants to drugs, we have found no Kentucky cases which utilize the concept of constructive possession to connect defendants to firearms. However, we note that other jurisdictions have accepted the idea that a person may have constructive possession of a firearm. *Argo v. State,* 53 Ark.App. 103, 920 S.W.2d 18,20 (Ark.Ct.App., 1996) ("A showing of constructive possession . . . is sufficient to prove a defendant is in possession of a firearm."); *Simpson v. State,* 213 Ga.App. 143, 444 S.E.2d 115, 117 (Ga. App., 1994)(". . . this court has previously held that constructive possession is sufficient to prove a violation of the subject offense [possession of firearm by a felon]."); *State v. Eickelberg,* 574 N.W.2d 1, 6 (Iowa, 1997) (Defendants' sentences properly enhanced under statute even though defendants did not actually possess firearms because there was sufficient evidence to "support the finding that defendants were in immediate possession or control of the firearms" while participating in a drug offense.); *State v. Neeley,* 704 So.2d 443, 447 (La.App., 1997) (". . . constructive possession, as opposed to actual possession, is sufficient to satisfy the possession element [of the crime of possession of firearm by convicted felon]."); *People v. Williams,* 212 Mich.App. 607, 538 N.W.2d 89, 91 (Mich.App., 1995) ("Possession [of a firearm] may be actual or constructive and may be proved by circumstantial evidence."); *Jones v. State,* 111 Nev. 848, 899 P.2d 544, 546 (Nev., 1995) (" . . . these actions permitted the jury to find the requisite knowledge and control necessary for constructive possession of a weapon."); *State v. Messer,* 107 Ohio App.3d 51, 667 N.E.2d 1022, 1025 (Ohio App., 1995)(" 'Possession' [of a firearm] may be either actual or constructive."); *Hill v. State,* 898 P.2d 155, 166 (Okla.Crim.App., 1995)("Lacking any direct evidence Appellant actually possessed either the cocaine or the gun, the State must prove he constructively possessed each."); *State v. Wells,* 147 Or. App. 125, 935 P.2d 447, 449 (Or.App.,

1997)("Possession [of a firearm for purposes of being a felon in possession of a firearm] may be actual or constructive."); *Commonwealth v. Woody,* 451 Pa.Super. 324, 679 A.2d 817, 820 (Pa.Super., 1996)("We find that a jury could reasonably infer . . . that appellant maintained constructive possession of the firearm and drugs recovered from his vehicle."); *State v. Reyes,* 671 A.2d 1236, 1237 (R.I., 1996)(Appellate court held that trial judge properly "reasoned that defendant had constructive possession of the weapon."); *Archer v. Commonwealth,* 26 Va.App. 1, 492 S.E.2d 826, 831 (Va.App., 1997)("Proof that appellant possessed the gun found under the mattress, either actually or constructively, was sufficient to support his conviction for possession of a firearm by a convicted felon.")

Whether the definition of possession includes the concept of constructive possession has apparently been a point of disagreement in the lower courts. *Compare Clay v. Commonwealth,* Ky.App., 867 S.W.2d 200 (1994)(constructive possession is enough to connect defendant to drugs in her home) *with Powell v. Commonwealth,* Ky.App., 843 S.W.2d 908 (1992)(actual possession is required to connect defendant to drugs). To resolve this conflict, we hold that for offenses arising under KRS 218A, the concept of "constructive possession" is applicable. *Clay, supra; Leavell, supra; Rupard, supra.* To the extent the Court of Appeals opinion in *Powell v. Commonwealth,* Ky.App., 843 S.W.2d 908 (1992), requires actual possession of contraband for the purposes of KRS Chapter 218A, it is overruled.

We believe that a directed verdict was not warranted in this case because a reasonable juror could have believed beyond a reasonable doubt that appellant had constructive possession of the firearms in this case. *Commonwealth v. Sawhill,* Ky., 660 S.W.2d 3 (1983). Evidence was introduced at trial which would support a reasonable juror's conclusion that appellant had constructive possession of the firearms. At the scene appellant told police that he had handled one of the firearms and that his fingerprints might be on it; and according to police testimony at trial, each of the guns was fully

loaded; and the guns were apparently in plain view and were easily accessible.

◼ Appellant next contends that he was entitled to an instruction on the offense of criminal facilitation and that the trial court committed reversible error in refusing to give such an instruction.

When the arresting officers arrived at 771 Chiles Avenue, Apartment 3, to execute the search warrant, Appellant was alone in the apartment. When the officers entered the apartment, Appellant ran from the living room to the bedroom where he was apprehended. He then gave the officers a false name. The officers found a plastic baggie of suspected marijuana in the living room; a plastic baggie of cocaine residue, seven "rocks" of crack cocaine on a shelf, and more crack cocaine in a bottle in the kitchen; and several pieces of crack cocaine on a dresser in the bedroom under a blue gym bag belonging to Appellant. Several items of drug paraphernalia were found throughout the apartment. The jury was presented with two theories as to how Appellant came to be alone in this apartment with these controlled substances and paraphernalia. Both theories emanated from Appellant, himself. Neither theory included the proposition that Appellant was "guarding" the contraband for others.

Shortly after his arrest, Appellant advised the officers that he was part of an organization which came to Lexington from Detroit to sell cocaine, that he had already sold all of the cocaine which belonged to him, and that the drugs and paraphernalia found in the apartment belonged to other individuals from Detroit. He did not assert that he was guarding the contraband for these other drug dealers.

At trial, Appellant testified that the apartment belonged to his cousin, that his cousin and two friends owned the weapons, the drugs, and the drug paraphernalia, and that he did not know that there was cocaine under his own gym bag. He stated he knew that his cousin and his friends were selling cocaine out of the apartment, but denied that he had sold any cocaine, himself. He explained that he told the arresting officers that he had been selling cocaine only because

he thought the officers might not arrest him if he cooperated with them. He did not assert that he was guarding the cocaine for his cousin and his friends.

◼ Although a trial judge has a duty to prepare and give instructions on the whole law of the case, including any lesser included offenses which are supported by the evidence, *Swain v. Commonwealth*, Ky., 887 S.W.2d 346, 348 (1994), that duty does not require an instruction on a theory with no evidentiary foundation. *Barbour v. Commonwealth*, Ky., 824 S.W.2d 861, 863 (1992), *overruled on other grounds, McGinnis v. Commonwealth*, Ky., 875 S.W.2d 518 (1994); *Neal v. Commonwealth*, Ky., 303 S.W.2d 903 (1957). An instruction on a lesser included offense is required only if, considering the totality of the evidence, the jury might have a reasonable doubt as to the defendant's guilt of the greater offense, and yet believe beyond a reasonable doubt that he is guilty of the lesser offense. *Wombles v. Commonwealth*, Ky., 831 S.W.2d 172, 175 (1992). It is axiomatic that "one's mere presence at the scene of a crime is not evidence that such one committed it or aided in its commission." *Rose v. Commonwealth*, Ky., 385 S.W.2d 202, 204 (1964). In the absence of any evidence that Appellant was guarding the contraband for others, his mere presence at the scene would not have supported a conviction of criminal facilitation on that theory.

◼ Even if there had been evidence that Appellant was guarding the drugs and paraphernalia for others, such would not have entitled him to an instruction on criminal facilitation as a lesser included offense. The fact that the evidence would support a guilty verdict on a lesser uncharged offense does not establish that it is a lesser included offense of the charged offense. *Whalen v. Commonwealth*, Ky.App., 891 S.W.2d 86 (1995); *Hart v. Commonwealth*, Ky.App., 768 S.W.2d 552 (1989). The definition of a lesser included offense is contained in KRS 505.020(2), *viz:*

A defendant may be convicted of an offense that is included in any offense with which he is formally charged. An offense is so included when:

(a) It is established by proof of the same or less than all the facts required to establish the commission of the offense charged; or

(b) It consists of an attempt to commit the offense charged or to commit an offense otherwise included therein; or

(c) It differs from the offense charged only in the respect that a lesser kind of culpability suffices to establish its commission; or

(d) It differs from the offense charged only in the respect that a less serious injury or risk of injury to the same person, property or public interest suffices to establish its commission.

Subsections (b), (c) and (d) have no application to the facts of this case. Thus, the inquiry is whether the inchoate offense of criminal facilitation is established by proof of the same or less than all the facts required to establish the commission of the charged offenses of trafficking in or possession of a controlled substance. *Perry v. Commonwealth*, Ky., 839 S.W.2d 268, 272 (1992). The offenses of trafficking in or possession of a controlled substance require proof that the defendant, himself, knowingly and unlawfully committed the charged offense. KRS 218A.1412; KRS 218A.1415. The offense of criminal facilitation requires proof that someone other than the defendant committed the object offense and the defendant, knowing that such person was committing or intended to commit that offense, provided that person with the means or opportunity to do so. KRS 506.080(1). Thus, criminal facilitation requires proof not of the same or less than all the facts required to prove the charged offenses of trafficking in or possession of a controlled substance, but proof of additional and completely different facts. *A fortiori*, it is not a lesser included offense when the defendant is charged with committing either of the object offenses.

This conclusion is in accord with the general view of those states with criminal facilitation statutes that the offense is not a lesser included offense of an object offense. *E.g.*, *State v. Gooch*, 139 Ariz. 365, 678 P.2d 946 (Ariz.1984); *State v. Garcia*, 176 Ariz. 231, 860 P.2d 498 (Ariz.Ct.App.1993); *People v. Luther*, 61 N.Y.2d 724, 472 N.Y.S.2d 614, 460 N.E.2d 1099 (N.Y.1984); *see generally* R. Lawson and W. Fortune, *Kentucky Criminal Law* § 7–5(c), p. 303 (LEXIS 1998). *Compare State v. Hicks*, 835 S.W.2d 32 (Tenn. Crim.App.1992), in which the Tennessee Court of Criminal Appeals declined to reverse a conviction under its facilitation statute, Tenn.Code Ann. (T.C.A.) § 39–11–403 (1989), obtained under an indictment for murder in the context of what amounted to a prison riot. However, under T.C.A. § 39–11–403, facilitation is committed by furnishing "substantial assistance in the commission of a felony," which is more akin to complicity as defined in KRS 502.020 than criminal facilitation as defined in KRS 506.080(1). The Court in *Hicks* viewed the case as if the defendants had been indicted as both principals and accomplices.

> We are of the opinion, however, we need not make our decision on the basis of whether T.C.A. § 39–11–403 is a lesser included offense in this case. The evidence in this case shows there was a concert of action among the appellants to inflict injury and death upon the victim.... Each of the appellants was responsible for his own conduct and was culpably responsible for the conduct of others....

835 S.W.2d at 36.

We have consistently held that criminal facilitation can be a lesser included offense of an indictment charging complicity, "because it has the same elements except that the state of mind required for its commission [knowledge] is less culpable than the state of mind [intent] required for commission of the other [complicity] offenses." *Luttrell v. Commonwealth*, Ky., 554 S.W.2d 75, 79 (1977); *see also Chumbler v. Commonwealth*, Ky., 905 S.W.2d 488, 499 (1995); *Webb v. Commonwealth*, Ky., 904 S.W.2d 226, 229 (1995); *cf. Skinner v. Commonwealth*, Ky., 864 S.W.2d 290, 298–99 (1993). We need not decide whether, under Kentucky law, a conviction of complicity can be obtained under an indictment charging a defendant only as a principal, *but see Daugherty v. Commonwealth*, Ky., 572 S.W.2d 861 (1978); for Ap-

pellant did not request an instruction on that offense.

The only Kentucky case holding that criminal facilitation is a lesser included offense of an object offense is *Farris v. Commonwealth*, Ky.App., 836 S.W.2d 451 (1992). In *Farris*, the Court of Appeals did, indeed, make the bald assertion that criminal facilitation is a lesser included offense of trafficking in a controlled substance. *Id.* at 454. However, the only authority cited for that proposition was *Jackson v. Commonwealth*, Ky., 633 S.W.2d 61 (1982), which does not address criminal facilitation in any shape, form, or fashion. The issue in *Jackson* was whether possession of a controlled substance is a lesser included offense of trafficking in a controlled substance. *Id.* at 62. The opinion in *Farris* contains no analysis, cites inapplicable authority, and is contrary to existing precedent interpreting KRS 505.020(2) It is hereby overruled.

Since Appellant was not entitled to an instruction on criminal facilitation as a lesser included offense of the object offenses of trafficking in or possession of a controlled substance, there was no error in the trial court's ruling.

For the foregoing reasons, the judgments of conviction are affirmed.

COOPER, GRAVES, JOHNSTONE, LAMBERT and WINTERSHEIMER, JJ., concur.

STUMBO, J., dissents by separate opinion in which STEPHENS, C.J., joins.

STUMBO, Justice, dissenting.

I dissent from that part of the majority opinion which concerns appellant's claim of error which arising from the trial court's failure to instruct the jury on the lesser included offense of criminal facilitation. Criminal facilitation is defined at KRS 506.080:

(1)A person is guilty of criminal facilitation when, acting with knowledge that another person is committing or intends to commit a crime, he engages in conduct which knowingly provides such person with means or opportunity for the commission of the crime and which in fact aids such person to commit the crime.

Criminal facilitation is a lesser included offense of trafficking in cocaine. *Farris v. Commonwealth*, Ky.App., 836 S.W.2d 451 (1992).

In *Webb v. Commonwealth*, Ky., 904 S.W.2d 226, 229 (1995), this Court stated:

An instruction on a lesser-included offense should be given if the evidence is such that a reasonable juror could doubt that the defendant is guilty of the crime charged, but conclude that he is guilty of the lesser-included offense. *Luttrell v. Commonwealth*, Ky., 554 S.W.2d 75, 78 (1977).

The decision as to whose story to believe is of course an issue for the jury to decide. The jury should have been given an opportunity to consider this criminal facilitation instruction. Refusal to allow such an instruction, when supported by the evidence presented, constitutes reversible error.

Appellant asserts that the jury could have found him guilty of criminal facilitation instead of trafficking based on the evidence presented at trial because it could have "concluded that he was guarding the cocaine for others." Appellant told the police he had sold his cocaine the day before. The Commonwealth counters that "a facilitation instruction was unwarranted because there was absolutely no evidence introduced at trial which showed that appellant provided another person with the 'means or opportunity' to traffick [sic] in controlled substances." The Commonwealth asserts that appellant presented evidence at trial which would support only one of two outcomes—either that appellant was guilty of trafficking in cocaine, or that he was not guilty of trafficking in cocaine.

The jury should have been given the opportunity to consider a criminal facilitation instruction for reasons as stated in *Webb, supra.* The jury here was presented with alternate theories regarding appellant's connection to the contraband, and it was entitled to believe any of those theories or select portions of either. The facts and reasonable conclusions were too ambiguous to be so limited in outcome. In *Farris v. Common-*

*wealth,* Ky.App., 836 S.W.2d 451 (1992), a case wherein the appellant's conviction for trafficking was reversed for the failure to give a criminal facilitation instruction, we stated:

> This case once again presents the situation where the Commonwealth objected to instructions requested by the defendant, and the trial court ruled favorably to the Commonwealth. We feel compelled to point out that many reversals such as this case could be avoided if the Commonwealth would be more reasonable in its position on instructions, and if the trial courts would allow more latitude in the giving of instructions requested by defendants.

*Id.,* at 454.

The failure of the court to instruct the jury on the lesser included offense of criminal facilitation constitutes reversible error and the judgment of the Fayette Circuit Court should be reversed and this cause remanded for retrial.

STEPHENS, C.J., joins.