IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
January 21, 2011 Session

## VISUVALINGAM VILVARAJAH, M.D. v. TENNESSEE BOARD OF MEDICAL EXAMINERS

**Appeal from the Chancery Court for Davidson County**
**No. 10-249-IV     Russell T. Perkins, Chancellor**

---

**No. M2010-00828-COA-R3-CV - Filed March 9, 2011**

---

Physician appeals Chancery Court decision affirming his summary suspension of his license to practice medicine on the basis of his conviction in the State of Kentucky for facilitation to traffic in controlled substances. We affirm the Chancery Court judgment and the summary suspension of the physician's license.

**Tenn. Rule App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed**

RICHARD H. DINKINS, J., delivered the opinion of the court, in which FRANK G. CLEMENT, JR. and ANDY D. BENNETT, JJ., joined.

Frank J. Scanlon, Nashville, Tennessee, for the appellant, Visuvalingam Vilvarajah, M. D.

Sue Ann Sheldon, Nashville, Tennessee, for the appellee, Tennessee Board of Medical Examiners.

### OPINION

Visuvalingam Vilvarajah, M.D. ("Dr. Vilvarajah"), a physician licensed in Tennessee, was convicted in Kentucky of one count of facilitation to traffic in controlled substances on January 11, 2010. On January 27 the Tennessee Board of Medical Examiners ("the Board") filed an Application for Order of Summary Suspension for Facilitating Drug Trafficking against Dr. Vilvarajah, alleging that the Board was authorized to take disciplinary action against Dr. Vilvarajah based upon his conviction. On January 29 the Board issued an order summarily suspending Dr. Vilvarajah's license pending commencement of a formal contested case hearing.

Dr. Vilvarajah exercised his right to a post-summary suspension informal hearing, which was held on February 12; at the conclusion of the hearing, the Board declined to alter the order of summary suspension. On February 16, Dr. Vilvarajah filed a Petition for Review in the Davidson County Chancery Court. The court heard the matter on an expedited basis and on March 10 entered a Memorandum and Order affirming the summary suspension of Dr. Vilvarajah's license. Specifically, the chancery court found that the Board was within its statutory authority when it treated Dr. Vilvarajah's conviction "as a conviction 'under the drug laws' of Kentucky for purposes of exercising its summary suspension authority."

On appeal, Dr. Vilvarajah asserts that facilitation is a separate and distinct offense from the underlying offense of trafficking in controlled substances and that, as a consequence, his conviction is not a "conviction of any offense under state or federal drug laws" within the meaning of Tenn. Code Ann. § 63-6-214(b)(10).[1] In addition, he contends that the summary suspension of his license was arbitrary, capricious and unsupported by substantial and material evidence.

### STANDARD OF REVIEW

The applicable standard of review of the agency's decision is found at Tenn. Code Ann. § 4-5-322(h):

> The court may affirm the decision of the agency or remand the case for further proceedings. The court may reverse or modify the decision if the rights of the petitioner have been prejudiced because the administrative findings, inferences, conclusions or decisions are:

---

[1] At the time the proceeding against Dr. Vilvarajah was initiated, Tenn. Code Ann. § 63-6-214(b)(10) read as follows:

> (b) The grounds upon which the board shall exercise such power include, but are not limited to:
> (10) Conviction of a felony, conviction of any offense under state or federal drug laws, or conviction of any offense involving moral turpitude.

The statute was amended by Public Chapter 904, effective July 1, 2010 to read:

> (10) Conviction of a felony, conviction of any offense under state or federal laws relative to drugs or the practice of medicine, conviction of any offense involving moral turpitude or conviction of any offense for which the person is required to register as a sexual offender or violent sexual offender pursuant to Title 40, Chapter 39, Part 2.

(1) In violation of constitutional or statutory provisions;
(2) In excess of the statutory authority of the agency;
(3) Made upon unlawful procedure;
(4) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion; or
(5)(A) Unsupported by evidence that is both substantial and material in the light of the entire record.

With respect to questions of law, our review is *de novo* with no presumption of correctness. *County of Shelby v. Tompkins*, 241 S.W.3d 500, 505 (Tenn. Ct. App. 2007). Issues of statutory construction present questions of law and are therefore reviewed *de novo* with no presumption of correctness. *Carter v. Bell*, 279 S.W.3d 560, 564 (Tenn. 2009). This court applies the substantial and material evidence standard to the agency's factual findings. *City of Memphis v. Civil Serv. Comm'n*, 239 S.W.3d 202, 207 (Tenn. Ct. App. 2007); *Bobbitt v. Shell*, 115 S.W.3d 506, 509-10 (Tenn. Ct. App. 2003).

**ANALYSIS**

### I. DOES DR. VILVARAJAH'S CONVICTION AUTHORIZE DISCIPLINARY ACTION TO BE TAKEN AGAINST HIM

Dr. Vilvarajah contends that, under Kentucky law, the offense of facilitation is an inchoate crime–one which generally leads to another crime–and, consequently, does not constitute a conviction within the meaning of Tenn. Code Ann. § 63-6-214. In our consideration of this issue, the Board's interpretation of Tenn. Code Ann. § 63-6-214, while not controlling, is to be given appropriate weight and respect. *Nashville Mobilphone Co., Inc. v. Atkins*, 536 S.W.2d 335, 340 (Tenn. 1976*).*[2]

Dr. Vilvarajah was convicted of facilitation of trafficking in a controlled substance; the criminal facilitation statute, Ky. Rev. Stat. Ann. §506.080, states:

(1) A person is guilty of criminal facilitation when, acting with knowledge that another person is committing or intends to commit a crime, he engages in

---

[2] Tenn. Code Ann. § 63-6-214 is part of a broad statutory scheme governing the healing arts professions. Tenn. Code Ann. § 63-6-101 creates the Board of Medical Examiners and grants the Board the power, *inter alia*, to conduct disciplinary hearings. All persons practicing medicine in Tennessee are required to be licensed by the Board of Medical Examiners (§ 63-6-201(a)), thereby subjecting themselves to the authority of the Board. Tenn. Code Ann. § 63-6-214 grants specific powers to the Board and sets forth grounds for the exercise of those powers.

conduct which knowingly provides such person with means or opportunity for the commission of the crime and which in fact aids such person to commit the crime.

We agree with Dr. Vilvarajah that, under Kentucky law, facilitation is an offense separate from the offense which is facilitated; however, we disagree that, because a conviction for facilitation of trafficking in controlled substances requires the commission or intent to commit the crime of trafficking in order to be complete, the offense is not a drug offense under Kentucky law. As asserted by the Board, this elevates form over substance. Where, as here, the "object offense"[3] is a offense under the drug laws of the jurisdiction in which the prosecution is brought, facilitation to commit that crime is a drug offense for purposes of regulating physicians licensed in Tennessee and the Board did not err in so holding.

Facilitation is not the crime of complicity[4] and is not a lesser-included offense of trafficking in controlled substances. *See Houston v. Commonwealth*, 975 S.W.2d 925, 930 (Ky. 1998). By its express terms, Ky. Rev. Stat. Ann. §506.080 requires another crime to be committed or contemplated in order for the offense of criminal facilitation to be complete. The fact that the definition and mental state required to sustain a violation of the object

---

[3] This term was coined in *Houston v. Commonwealth*, 975 S.W.2d 925, 930 (Ky. 1998).

[4] The crime of complicity is defined as follows:

(1) A person is guilty of an offense committed by another person when, with the intention of promoting or facilitating the commission of the offense, he:
  (a) Solicits, commands, or engages in a conspiracy with such other person to commit the offense; or
  (b) Aids, counsels, or attempts to aid such person in planning or committing the offense; or
  (c) Having a legal duty to prevent the commission of the offense, fails to make a proper effort to do so.
(2) When causing a particular result is an element of an offense, a person who acts with the kind of culpability with respect to the result that is sufficient for the commission of the offense is guilty of that offense when he:
  (a) Solicits or engages in a conspiracy with another person to engage in the conduct causing such result; or
  (b) Aids, counsels, or attempts to aid another person in planning, or engaging in the conduct causing such result; or
  (c) Having a legal duty to prevent the conduct causing the result, fails to make a proper effort to do so.

Ky. Rev. Stat. Ann. § 502.020

offense–trafficking–are different from those required to constitute facilitation, however, is irrelevant to the question of whether conviction of facilitation to trafficking in controlled substances is a conviction under the drug laws of Kentucky.

In this case, the object offense was trafficking in controlled substances.[5] The Board had before it the record of the proceedings in Kentucky and determined that, under the prevailing law and the facts, Dr. Vilvarajah was convicted of an offense proscribed by the drug laws of Kentucky. He was indicted on three counts of engaging in organized crime, a class B felony punishable by 10 to 20 years' imprisonment[6]; one count of assault in the second degree, a class C felony punishable by 5 to 10 years' imprisonment[7]; and one count of wanton endangerment in the first degree, a class D felony punishable by 1 to 5 years' imprisonment.[8] He pled guilty to an amended indictment charging him with facilitation to

---

[5] Trafficking in controlled substances is defined at Ky. Rev. Stat. Ann. § 218A.1412 as follows:

(1) A person is guilty of trafficking in a controlled substance in the first degree when he knowingly and unlawfully traffics in: a controlled substance, that is classified in Schedules I or II which is a narcotic drug; a controlled substance analogue; lysergic acid diethylamide; phencyclidine; a controlled substance that contains any quantity of methamphetamine, including its salts, isomers, and salts of isomers; gamma hydroxybutyric acid (GHB), including its salts, isomers, salts of isomers, and analogues; or flunitrazepam, including its salts, isomers, and salts of isomers.

[6] The organized crime counts of the indictment charged Dr. Vilvarajah and a co-defendant as follows:

That on or about the period from 2005 through the present, the 10th day of November 2008, the Defendants committed the offense of Engaging in Organized Crime, a Class B felony, to-wit:
The Defendants, with the purpose of facilitating the activities of a criminal syndicate of five (5) or more persons (designated syndicate number One (1) [Two(2), Three (3)] which trafficked in controlled substances in Harlan County, Kentucky or with the purpose to establish or to maintain said syndicate, provided material aid to said syndicate or any of its activities by providing other members of the syndicate with prescriptions for controlled substances.

[7] This count charged Dr. Vilvarajah and his co-defendant with "wantonly caus[ing] severe physical injury to a newborn child in Harlan County, Kentucky, by the use of a dangerous instrument by prescribing the mother of said child controlled substances in amounts and/or combinations that damaged the health of said child."

[8] This count charged that Dr. Vilvarajah and his co-defendant as follows:

(continued...)

trafficking in a controlled substance in the first degree, a class A misdemeanor, and was sentenced to eleven months imprisonment, which was probated. The terms of his probation included the condition that he not come to Harlan County except for court appearances and that he not prescribe controlled substances to citizens of Harlan County. In addition, he forfeited assets in the amount of $500,000.00 which, on his motion, was reduced to a forfeiture of $250,000.00 and a $250,000.00 contribution to the Harlan County Fiscal Court "to be used to alleviate drug abuse in Harlan County." The record is clear that the Kentucky authorities pursued the case against Dr. Vilvarajah, from indictment to punishment, as a drug offense under the laws of the state, as well as under the facts.

## II. WAS THE SUMMARY SUSPENSION SUPPORTED BY SUBSTANTIAL AND MATERIAL EVIDENCE

Dr. Vilvarajah also contends that the summary suspension of his license was arbitrary and capricious and unsupported by the evidence. In essence, he argues that there was no immediate threat to public health safety and welfare to justify the summary suspension.[9] In reviewing the Board's suspension of Dr. Vilvarajah's license we consider only whether the suspension is warranted in law and fact. *Mosley v. Tenn. Dep't. of Commerce & Ins.*, 167 S.W.3d 308, 321 (Tenn. Ct. App.2004).[10]

---

[8](...continued)

[U]nder circumstances manifesting extreme indifference to the value of human life, wantonly engaged in conduct which created a substantial danger of death or serious physical injury to a newborn child in Harlan County, Kentucky, by prescribing the mother of said child, while said child was in utero, controlled substances in amounts and/or combinations that endangered the health of said child.

[9] Dr. Vilvarajah cites reports of eleven physicians who were summarily suspended from January 2004 through January 2009, and argues that "[t]here is nothing in the record before the Board that indicates any conduct on the part of Dr. Vilvarajah that rises to the level of these eleven (11) cases and would warrant a summary suspension."

[10] The standard of review relative to this issue was set forth in *Robertson v. Tennessee Bd. of Soc. Worker Certification & Licensure*, 227 S.W.3d 7 (Tenn. 2007):

When we review only an agency-imposed remedy, we have noted that "[t]he appropriate remedy is peculiarly within the discretion of the [agency]." *McClellan v. Bd. of Regents of State Univ.*, 921 S.W.2d 684, 693 (Tenn.1996). As a result, we will only review whether the remedy is "unwarranted in law" or "without justification in fact." *Mosley v. Tenn. Dep't. of Commerce & Ins.*, 167 S.W.3d 308, 321 (Tenn.Ct.App.2004) (quoting *Butz v. Glover Livestock Comm'n Co.*, 411 U.S. 182, 185-86, 93 S.Ct. 1455, 36 L.Ed.2d 142 (1973)).

(continued...)

Authority for the summary suspension of his license is contained at Tenn. Code Ann. § 4-5-320(c):

> (c) No revocation, suspension, or withdrawal of any license is lawful unless, prior to the institution of agency proceedings, the agency gave notice by mail to the licensee of facts or conduct that warrant the intended action, and the licensee was given an opportunity to show compliance with all lawful requirements for the retention of the license. If the agency finds that public health, safety, or welfare imperatively requires emergency action, and incorporates a finding to that effect in its order, summary suspension of a license may be ordered pending proceedings for revocation or other action. These proceedings shall be promptly instituted and determined

Tenn. Code Ann. § 4-5-320(c).

In its order summarily suspending Dr. Vilvarajah, the Board found the following facts:

> The State presented, in support of its application, a certified copy of a judgment of conviction entered against Respondent in the Circuit Court of Harlan County, Kentucky, copies or certified copies of various related documents on file with the clerk of that court. From these documents, the Board, through this duly authorized panel, finds that on January 11, 2010, Respondent was convicted in the Circuit Court of Harlan County of facilitating trafficking in controlled substances in the first degree. *Kentucky v. Vilvarajah*, No. 08-CR-00481-001. First degree controlled substances are defined in Kentucky law as Schedule I or II controlled substances. Ky. Rev. Stat. Ann. § 218A.1412(1). The conviction was entered as a result of a plea agreement.
>
> The original charges against Respondent included the charge of engaging in organized crime by facilitating the activities of a criminal syndicate which trafficked in controlled substances from 2005 through November 10, 2008. Respondent moved to dismiss for lack of jurisdiction, and the Commonwealth responded by filing affidavits of residents of Harlan County regarding their visits to the Respondent's office. Subsequently, the

---

[10](...continued)
*Robertson*, 227 S.W.3d 7, 13-14 (Tenn. 2007).

Commonwealth offered to dismiss all charges except the first organized crime count, to reduce that charge to facilitation of trafficking in controlled substances, and to reduce the sentence to four months of unsupervised probation on condition that defendant plead guilty and agree to the forfeiture of Five Hundred Thousand Dollars ($500,000) pursuant to Kentucky drug forfeiture laws.

Respondent accepted the offer, but did not enter a guilty plea. Instead he entered an "Alford" or "best interests" plea to the reduced charge. In the petition, respondent stated, "I do not admit guilt, but *I believe the evidence against me strongly indicates guilt* and my interests are best served by a guilty plea." (Emphasis added).

Upon those facts, the Board determined, on a preliminary basis, that "the misconduct of [Dr. Vilvarajah] is so severe that it imperatively requires emergency action to protect the public health, safety and welfare prior to the initiation of formal disciplinary charges."

The record clearly supports the Board's determination that Dr. Vilvarajah's privileges to practice medicine and thereby to prescribe controlled substances should be suspended pending a further inquiry.

## CONCLUSION

Finding no error, we AFFIRM the judgment of the Chancery Court.

_____
RICHARD H. DINKINS, JUDGE

-8-