J-S40009-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| MICHAEL D. TWYMAN | |
| Appellant | No. 2399 EDA 2015 |

Appeal from the Judgment of Sentence July 8, 2015
In the Court of Common Pleas of Chester County
Criminal Division at No(s): CP-15-CR-0000940-2014

BEFORE:  BOWES, MUNDY AND MUSMANNO, JJ.

MEMORANDUM BY BOWES, J.:                    **FILED JULY 15, 2016**

Michael D. Twyman appeals from his July 8, 2015 judgment of sentence of thirty to sixty months of incarceration followed by one year of probation imposed after his conviction for possession of a controlled substance with intent to deliver, possession of a controlled substance, possession of marijuana, and possession of drug paraphernalia.  We affirm.

Around midnight on December 6, 2013, Appellant was a passenger in a silver Audi hatchback being driven by James Allen.  While traveling through Coatesville, Pennsylvania, local police officers familiar with Allen spotted the two men.  Corporal Kenneth Michels suspected Allen was driving with a suspended license.  His partner, Officer Robert Kuech, confirmed via

the onboard computer that Allen's license was suspended. The officers attempted to locate the vehicle, which had left their line of sight.

Shortly thereafter, the officers discovered the Audi parked and protruding into a roadway. No pedestrians were visible in the vicinity of the parked car when Corporal Michels pulled behind the vehicle, activated his lights, and initiated a traffic stop. Appellant opened the passenger side door and exited the vehicle. Officer Kuech, finding this behavior unusual for a traffic stop, approached Appellant from the rear driver's side of the Audi. As Officer Kuech ordered Appellant to reenter the vehicle, he heard a hard-plastic object strike the ground near Appellant. Since the officer's view was obstructed by the vehicle, he did not immediately ascertain what had fallen.

Appellant complied and entered the vehicle. As he did so, Appellant asked if he could retrieve his cellular telephone, which he had dropped. Officer Kuech advised Appellant that he would recover the phone. After locating the phone, the officer observed a bag, which he recognized as being filled with smaller bags of narcotics, resting four to six inches further under the car. A field test revealed the larger bag contained sixty small bags of crack cocaine, and one bag of marijuana. A search incident to arrest yielded $699 dollars.

The Commonwealth charged Appellant with the aforementioned crimes, and a jury found Appellant guilty as charged. Subsequently, the court sentenced him to thirty to sixty months of incarceration followed by

J-S40009-16

one year of probation.  Appellant filed a timely notice of appeal and complied with the trial court's order to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal.  The trial court then authored its Rule 1925(a) opinion.  This matter is now ready for our consideration.

Appellant raises the following question for our review:  "Was evidence presented at trial sufficient to prove constructive possession to sustain convictions for the following offenses:  possession with intent to deliver, possession of a controlled substance, possession of a small amount of marijuana, and possession of paraphernalia?"  Appellant's brief at 2 (unnecessary capitalization omitted).

We have observed that the standard we apply in reviewing the sufficiency of the evidence is

> whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt.  In applying the above test, we may not weigh the evidence and substitute our judgment for that of the fact-finder.  In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence.  Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances.  The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence.  Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered.  Finally, the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

- 3 -

*Commonwealth v. Gonzalez*, 109 A.3d 711, 716 (Pa.Super. 2015) (citation omitted).

Appellant's sufficiency challenge relates to whether there was enough proof that he constructively possessed the drugs. "Constructive possession is a legal fiction, a pragmatic construct to deal with the realities of criminal law enforcement. Constructive possession is an inference arising from a set of facts that possession of the contraband was more likely than not." *Commonwealth v. Brown*, 48 A.3d 426, 430 (Pa.Super. 2012). Constructive possession has been defined as conscious dominion, *i.e.*, "the power to control the contraband and the intent to exercise that control." *Id*. Recognizing that constructive possession is not amenable to a bright line test, we have held that it may be established by the totality of the circumstances. *Commonwealth v. Woody*, 679 A.2d 817 (Pa.Super. 1996).

Appellant argues that the Commonwealth failed to adduce that he had constructive possession of the narcotics found underneath the Audi. Appellant's brief at 9. Specifically, he contends there is no evidence indicating that he knew of the bag's existence or location, that he made furtive movements, or that he kicked or threw the contraband, as to signify that he knew of the drugs or had the intent to control them. *Id*. at 11. Appellant asserts his conviction is based solely on his proximity to the

contraband. *Id*. at 12. Thus, he concludes, the Commonwealth did not prove beyond a reasonable doubt that Appellant constructively possessed the bag found beneath the Audi. We disagree.

Here, the Commonwealth offered evidence that, as Appellant exited the vehicle, he dropped an item in his control out of the view of the officers. Upon retrieving Appellant's cellular phone, Officer Kuech also recovered a bag of narcotics lying underneath the passenger side of the vehicle, mere inches from the phone. Despite wet conditions caused by melting snow and mist, neither the phone nor the bag was wet. The contraband, which was found in line with the Audi's tires, showed no signs of being crushed or damaged. Furthermore, the officers testified that, at the time of the traffic stop, no pedestrians were in the area. Finally, Appellant possessed a large amount of cash, the majority of which consisted of twenty dollar bills. Many of the individual bags were divided into amounts of crack cocaine worth approximately twenty dollars. Under the totality of the circumstances, we find the evidence, together with all reasonable inferences drawn therefrom, sufficient to establish beyond a reasonable doubt that Appellant possessed the narcotics and threw them under the car to avoid detection.

On similar facts in ***Commonwealth v. Roberts***, 133 A.3d 759 (Pa.Super. 2016), we concluded that evidence was sufficient to support a conviction for a possessory crime. In ***Roberts***, undercover officers approached the defendant after he left a "known drug house." *Id*. at 765.

The defendant fled the officers and a pursuit ensued. *Id*. Following the defendant's apprehension, one of the officers realized he lost his radio during the chase. *Id*. While retracing his steps, the officer discovered two bags of narcotics and a cellular telephone bearing the defendant's picture, within a few feet of each other. *Id*. Based on this evidence, we found that "the jury was free to accept the inference that the drugs were dropped by [the defendant] during the pursuit." *Id*. at 768. Similarly here, the evidence presented by the Commonwealth supports the inference that Appellant possessed the narcotics, but dropped them as he exited the vehicle.

Judgment of sentence affirmed.


Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/15/2016