J-S55036-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| RENE VEGA, | |
| Appellant | No. 2053 EDA 2015 |

Appeal from the Judgment of Sentence May 18, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0010724-2012

BEFORE:  LAZARUS, J., DUBOW, J., and STEVENS, P.J.E.*

DISSENTING MEMORANDUM BY STEVENS, P.J.E.:**FILED OCTOBER 18, 2016**

It is not for this Court to usurp the fact-finding function of the trial court.  The evidence overwhelmingly supports the decision of the trial court, and I respectfully dissent and would affirm the judgment of sentence.

The totality of evidence introduced at Appellant's trial demonstrated beyond a reasonable doubt that he was not merely present near the handgun recovered in the barbershop restroom but was, instead, responsible for discarding it there just moments before his imminent encounter with Officer Carter.  Appellant's nervous and evasive behavior in response to police arrival, his implausible explanation for such a short visit to the restroom, the incomplete manner in which the gun was hidden, and the absence of other persons in the barbershop all supported the inference that Appellant had rushed to hide the gun in the ceiling before police entered the room behind him.

*Former Justice specially assigned to the Superior Court.

Because Appellant did not have the gun on his person at the time Officer Carter detained him outside the restroom, the Commonwealth was required to establish that Appellant had constructive possession of the firearm in order to sustain his convictions. "Constructive possession is a legal fiction, a pragmatic construct to deal with the realities of criminal law enforcement. Constructive possession is an inference arising from a set of facts that possession of the contraband was more likely than not." *Commonwealth v. Brown*, 48 A.3d 426, 430 (Pa.Super. 2012). Constructive possession has been defined as conscious dominion, *i.e.*, "the power to control the contraband and the intent to exercise that control." *Id.* Recognizing that constructive possession is not amenable to a bright line test, we have held that it may be established by the totality of the circumstances. *Commonwealth v. Woody*, 679 A.2d 817 (Pa.Super. 1996).

When viewed in a light most favorable to the Commonwealth as verdict winner, the totality of circumstances supported the reasonable inference that Appellant constructively possessed the handgun recovered from the bathroom into which he, alone, had just hurriedly entered and exited with a police officer in pursuit. It was undisputed that Appellant, upon seeing police approach and detain his companion, immediately reversed his course and reentered the barbershop from which he had just appeared. With Officer Carter following, Appellant briskly walked into a bathroom. According to the officer, Appellant "went in and came right back

out" in an amount of time too brief to have allowed use of the facilities; "he was not in there five, ten seconds," N.T. at 10-11, the officer testified, and Appellant managed to exit the room just as Officer Carter reached the threshold of the door. N.T. at 9.

Appellant explained his conduct to the officer by saying he had to go to the bathroom. The trial court deemed this explanation unworthy of belief, and reasonably so. Just moments before the encounter, Appellant walked by that same restroom on his way out of the shop apparently without feeling any urgent need to use it. Moreover, when observed by the officer "not five, ten seconds" after he had entered the restroom, Appellant gave no indication—such as zipping his pants, adjusting his clothes, or drying his hands—that he had used the facilities.

When the officer entered the five-by-five foot bathroom after Appellant had exited it, he saw a displaced ceiling block from a section of the drop ceiling directly above the sink and toilet. Sticking out of the opening was the handle of a revolver, which the officer was able to retrieve before leaving the restroom. No one else was in the bathroom or the barbershop at this time.[1]

---

[1] The Majority notes that there were two or three people located in the basement of the same building, but there was no interior passageway connecting the basement to the main floor of the barbershop. N.T. 2/27/15 at 28.

In sum, Appellant's evasive behavior and nervously-delivered, false explanation in response to police presence manifested his consciousness of guilt. *See Commonwealth v. Tharp*, 101 A.3d 736, 780 (Pa. 2014) (citing *Commonwealth v. Tharp*, 830 A.2d 519, 527 (Pa. 2003) (holding defendant's concocting false tale of kidnapping suggests consciousness of guilt)); *Commonwealth v. Jones*, 570 A.2d 1338, 1349 (Pa.Super. 1990) (holding finder of fact may infer a consciousness of guilt from person's flight or other evasive conduct); *Commonwealth v. Whiting*, 187 A.2d 563, 565 (Pa. 1963) (holding hurried exit from crime scene and subsequent false and misleading statements to police indicate consciousness of guilt).

Moreover, it was reasonable to infer from Appellant's attempt to conceal himself from the officer's view momentarily, the absence of anyone else in the barbershop at the time in question, and the incomplete manner in which the gun was secreted that Appellant unsuccessfully attempted to hide the gun in haste before the officer could enter the bathroom. Indeed, it strains credulity to suggest the handgun was left exposed in that location as a matter of routine, or that it was abandoned by someone else at the time when no other persons were discovered at the scene.

I, therefore, agree with the trial court, which sat as finder of fact, that sufficient evidence existed to establish Appellant's constructive possession of the handgun discovered in the restroom he, alone, had just exited. Accordingly, discerning no merit to Appellant's sufficiency challenge, I would affirm judgment of sentence.