**James Chapple COX, Appellant,**

**v.**

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

May 3, 1974.

Rehearing Denial

As Modified on Denial of Rehearing
Sept. 6, 1974.

Anthony M. Wilhoit, Public Defender, David E. Murrell, Deputy Public Defender, Frankfort, for appellant.

Ed W. Hancock, Atty. Gen., Kenneth A. Howe, Jr., Asst. Deputy Atty. Gen., Frankfort, for appellee.

JONES, Justice.

James Chapple Cox was indicted by a Fayette County grand jury on two counts: (1) storehouse breaking, KRS 433.190, (2) habitual criminal, KRS 431.190.

A trial jury found Cox guilty on both counts and fixed his punishment at imprisonment in the penitentiary for life. The trial court imposed the sentence in conformity with the jury's verdict.

On appeal Cox argues that the imposition on him of the habitual criminal statute's mandatory life sentence constituted cruel and unusual punishment. We do not agree with this contention.

Cox was caught in the act of storehouse breaking by the metropolitan police in the city of Lexington. He had been previously convicted on April 10, 1972, in Monroe County, Florida, on a charge of breaking and entering. At the time he was caught by the Lexington police, he had escaped from the Florida penal institution where he was serving a two-year sentence on the breaking and entering conviction. On January 12, 1970, Cox was convicted in the Fayette Circuit Court of the offense of grand larceny and was sentenced to two years in the penitentiary. On February 19, 1969, he was convicted in the Fayette Circuit Court of the offense of storehouse breaking and was sentenced to two years in the penitentiary.

Cox advances the theory that since the prior convictions were for nonviolent crimes the penalty provided in the habitual criminal statute is too severe. Hart v. Coiner, 483 F.2d 136 (4th Cir. 1973). As we construe KRS 431.190 the purpose of the penalty provision is to deter the commission of crimes. The best argument for the validity of the habitual criminal statute lies in the fact that it serves a legitimate penal purpose. In the case of Wingo v. Ringo, Ky., 408 S.W.2d 469 (1966), this court said:

"The habitual criminal statute, KRS 431.190, simply means that when a person has (progressively) committed and been convicted of two or more felonies, thereafter, as to him, the minimum penalty for any felony he commits is life imprisonment (if the jury finds the fact of the previous convictions)."

Life imprisonment serves a legitimate need. Those persons who receive such penalties have a chance for parole and subsequent rehabilitation.

The judgment is affirmed.

All concur.