**COMMONWEALTH of Kentucky, Appellant,**

v.

**Tamika M. MONTAQUE, Appellee.**

No. 1998–SC–1073–DG.

Supreme Court of Kentucky.

April 20, 2000.

Rehearing Denied Aug. 24, 2000.

A.B. Chandler III, Attorney General of Kentucky, Samuel J. Floyd, Jr., Assistant Attorney General, Criminal Appellate Division, Office of the Attorney General, Frankfort, for Appellant.

Elizabeth A. Shaw, Richmond, for Appellee.

JOHNSTONE, Justice.

Appellee, Tamika Montaque, was convicted of trafficking in a controlled substance (cocaine) in the first degree (KRS 218A.1412), possession of drug paraphernalia (KRS 218A.500), and was sentenced to ten years' imprisonment. Additionally, she was found guilty of being in possession of a firearm at the time of the commission of these offenses which subjected her to an enhanced penalty pursuant to KRS 218A.992, and which possibly precluded her from probation pursuant to KRS 533.060. The Court of Appeals held that the trial court erred in failing to grant Montaque a directed verdict on the issue of whether she was eligible for sentence enhancement under KRS 218A.992. We granted discretionary review and affirm the Court of Appeals.

As stated by the Court of Appeals, the relevant facts of this case are as follows:

The case against Montaque began on December 20, 1995, when Louisville and Jefferson County police officers executed a search warrant for the apartment she occupied with Ronald Johnson. The officers discovered approximately nine ounces of cocaine in the apartment. The officers also found digital scales, knives, plastic bags, and cellular phones, some of these items bearing cocaine residue and all suggesting that Montaque and Johnson intended to distribute the cocaine. Montaque and Johnson were both arrested and indicted. Subsequently, Montaque admitted having received the nine ounces of cocaine from

an out-of-state relative and further admitted that she had planned to sell it. She denied, however, that an unloaded, semi-automatic handgun the police later found in the trunk of a car owned by Johnson's mother and parked in the apartment building parking lot played any part in her drug dealing. Montaque claimed the gun belonged to a friend who had asked her two or three weeks before her arrest to store it for him. She had hidden the gun, she said, in the 1985 Cadillac, which she was then borrowing from Johnson's mother. Montaque testified that she was not using the Cadillac at the time of the search because a short time before she had purchased a car of her own. The police found the unloaded gun wrapped in a plastic shopping bag along with two ammunition clips and a box of loose shells. Because the bag was located in the back of the trunk behind a speaker box, the gun was not accessible at all from the car's passenger compartment and was only awkwardly accessible through the trunk.

In her motions for a directed verdict on the firearm possession enhancement and for a new trial, Montaque argued that KRS 218A.992 contemplates the existence of some nexus between the firearm and the underlying offense. Because the Commonwealth failed to prove a nexus, Montaque insisted that the statute could not properly be invoked. In response, the Commonwealth claimed both that an adequate nexus had been established—in that the jury could reasonably surmise that Montaque would have used the Cadillac in the course of her drug dealing—and also that KRS 218A.992 does not require proof of a nexus but only proof of firearm possession contemporaneous with the underlying offense, which Montaque admitted. The trial court denied Montaque's motions, but did not specify whether it did so as a matter of fact (i.e., a nexus was established) or as a matter of law (i.e., no proof of nexus required) . . . .

■■■ The standard of review for a trial court's factual determination on a motion for a directed verdict is set forth in the often cited case of *Commonwealth v. Benham*, Ky., 816 S.W.2d 186 (1991). "On appellate review, the test of a directed verdict is, if under the evidence as a whole, it would be clearly unreasonable for a jury to find guilt, only then the defendant is entitled to a directed verdict of acquittal." *Id.* at 187. The facts of this case are basically undisputed. Montaque admitted having possession of cocaine and drug paraphernalia. Further, she admitted to receiving the firearm in question and hiding it in the trunk of the Cadillac. However, there is some dispute as to the extent of Montaque's control of the Cadillac at the time of her arrest. Whether these facts are sufficient to withstand a directed verdict depends on the proper construction of KRS 218A.992.

The interpretation of a statute is a matter of law. A reviewing court is not required to adopt the decisions of the trial court as to a matter of law, but must interpret the statute according to the plain meaning of the act and in accordance with the legislative intent. When reviewing a question of law rather than a question of fact, the reviewing court has a greater latitude to determine whether the findings of the trial court were supported by evidence of probative value.

*Floyd County Board of Education v. Ratliff*, Ky., 955 S.W.2d 921, 925 (1997).

■■■ KRS 218A.992 is entitled: Enhancement of penalty when in possession of a firearm at the time of commission of offense. The statute provides in pertinent part:

(1) Other provisions of law notwithstanding, any person who is convicted of any violation of this chapter who was at the time of the commission of the offense in possession of a firearm, shall:

(a) Be penalized one (1) class more severely than provided in the penalty provision pertaining to that offense if it is a felony; or

(b) Be penalized as a Class D felon if the offense would otherwise be a misdemeanor.

The statute does not require actual possession of a firearm. In *Houston v. Commonwealth,* Ky., 975 S.W.2d 925 (1998), we held that "a drug violation penalty may be enhanced under KRS 218A.992 if the violator has constructive possession of a firearm." *Id.* at 927. The Commonwealth argues that either no nexus between the crime and the firearm is required by the statute, or, in the alternative, that the nexus requirement is satisfied by a showing of contemporaneous possession of a firearm. If either argument is correct, then clearly the Court of Appeals erred, as there was sufficient evidence to show that Montaque was in constructive possession of a firearm at the time of her arrest. However, we disagree with the Commonwealth's interpretation of the statute and hold that the statute requires a nexus between the crime committed and the possession of a firearm. We further hold that mere contemporaneous possession of a firearm is not sufficient to satisfy the nexus requirement.

*Houston, supra,* addressed the question of what constituted "possession" under the statute. This case requires us to interpret the meaning of the phrase, "who was, *at the time of the commission of the offense,* in possession of a firearm." (Emphasis added).

The federal sentencing guidelines provide for a similar sentence enhancement as KRS 218A.992. Section 2D1.1(b)(1) of the sentencing guidelines provides for a two-level increase in a drug trafficking offense "[i]f a dangerous weapon (including a firearm) was possessed." The legislative intent and purpose behind the federal sentence enhancement is explained in the commentary to the rule:

The enhancement for weapon possession reflects the increased danger of violence when drug traffickers possess weapons. The adjustment should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense. For example, the enhancement would not be applied if the defendant, arrested at his residence, had an unloaded hunting rifle in the closet.

*United States v. Sanchez,* 928 F.2d 1450, 1459 (6th Cir.1991) (quoting application note 3). While our statute does not provide any similar commentary or guidance, weapons are no less dangerous in the hands of our all too many home-grown drug traffickers. Thus, we believe that our sentence enhancement statute serves a similar purpose as the federal sentence enhancement statute.

At the risk of belaboring the obvious, the purpose of a criminal statute is to deter the commission of crimes. *See generally Cox v. Commonwealth,* Ky., 514 S.W.2d 49, 50 (1974). If KRS 218A.992 does not provide *any* nexus between the crime and the possession of the firearm, then a very real risk is created that the statute could be used to punish non-criminal activity, such as in the hunting rifle example above. Further, the same risk exists if the nexus requirement can be satisfied with mere contemporaneous possession of a firearm. Requiring proof of a nexus between the commission of the offense and the possession of the firearm reduces or eliminates this risk without lessening the statute's legitimate penal purpose. This leaves us the question of whether, upon the evidence presented in this case, it would be clearly unreasonable for the jury to find guilt. *Benham, supra.*

While we decline to draw a bright-line rule to conclusively determine whether a nexus between the commission of the offense and the firearm possession has been established, we can make some general observations. First, whenever it is established that a defendant was in ac-

tual possession of a firearm when arrested, or that a defendant had constructive possession of a firearm within his or her "immediate control when arrested," [1] then, like under the federal sentencing guidelines, the Commonwealth should not have to prove any connection between the offense and the possession for the sentence enhancement to be applicable. *See Sanchez*, 928 F.2d at 1460. However, the defendant should be allowed to introduce evidence to the contrary, which would create an issue of fact on the issue. Next, when it cannot be established that the defendant was in actual possession of a firearm or that a firearm was within his or her immediate control upon arrest, the Commonwealth must prove more than mere possession. It must prove some connection between the firearm possession and the crime.

For example, in the case at bar, if drugs had been found in the Cadillac along with the gun, then a sufficient connection would have been established to create a question of fact for the jury. *Cf. Osborne v. Commonwealth*, Ky., 839 S.W.2d 281, 283 (1992) (forfeiture of an automobile pursuant to KRS 218A.410 upheld on evidence that a marijuana plant and drug paraphernalia were found in the trunk of the vehicle). Likewise, if there was evidence that Montaque used the Cadillac in connection with or to facilitate her offenses, then the case should have gone to the jury. But in this case, there is nothing to connect the gun or the Cadillac to the possession or the trafficking of drugs. Nor was the gun in Montaque's actual possession or within her immediate control when she was arrested.

Finally, we briefly address the impact of this case on our holding in *Houston v. Commonwealth*, Ky., 975 S.W.2d 925 (1998), in which, as noted above, we held that "a drug violation penalty may be en-

hanced under KRS 218A.992 if the violator has constructive possession of a firearm." *Id.* at 927. The only issue in *Houston* was whether the statute required actual, physical possession of a firearm before sentence enhancement was applicable. Moreover, the firearms in question in *Houston* were fully loaded and in plain sight and, thus, were within the defendant's immediate control. *Id.* at 928–29. Therefore, while our holding in this case may limit the reach of *Houston*, it does not overrule it.

For the reasons set forth above, the opinion of the Kentucky Court of Appeals is hereby affirmed.

COOPER, KELLER, and STUMBO, JJ., concur.

GRAVES, J., dissents by separate opinion, with LAMBERT, C.J., and WINTERSHEIMER, J., joining that dissent.

GRAVES, Justice, dissenting.

Respectfully, I dissent. Appellee had an interstate drug dealing operation going on inside her apartment, while just outside the door, hidden in a car over which she had exclusive dominion and control, was a semi-automatic handgun with a box of ammunition and two ammunition clips.

The Commonwealth presented legally sufficient evidence to satisfy each element of the statute, namely KRS 218A.992, which provides for an enhanced penalty for being in possession of a firearm when committing a drug offense. The trial court denied a directed verdict for Appellee and the jury found Appellee guilty. However, motivated by what can only be described as infused knowledge, both the majority and the Court of Appeals have grafted an additional element onto the statute. That is, the majority would require a nexus (an

---

1. *See generally Chimel v. California*, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969); *Collins v. Commonwealth*, Ky., 574 S.W.2d 296 (1978) ("The constitutionality of a search incident to an arrest turns upon whether the area searched is *'within (the arrestee's) immediate control* construing that phrase to mean the area from within which he might gain possession of a weapon or destructible evidence.*'*) (Emphasis in original).

actual active operative connection) between the commission of the drug offense and the possession of a firearm.

This matter is brought into sharper focus by reviewing the unrefuted evidence of Appellee's constructive possession of the firearm in conjunction with her extensive interstate drug dealing business:

1. A large quantity (i.e. nine ounces) of crack cocaine was found in Appellee's residence, along with scales and other drug paraphernalia containing cocaine residue.

2. Appellee admitted at trial, and to police at the scene, that she received large quantities of the cocaine from an out-of-state supplier and she prepared the drug for local re-sale.

3. Appellee's collaborator, Ronald Johnson, confirmed the admissions about the drug trafficking business.

4. The firearm was a 380 caliber semi-automatic handgun located in the trunk of a car parked just outside Appellee's apartment.

5. Appellee admitted placing the gun in the car.

6. Appellee admitted that she drove the car in the weeks and months immediately prior to the search.

7. Appellee testified that others did not know the gun was in the car.

Here, the majority is affirming a Court of Appeals opinion holding that the trial court erred in denying a directed verdict of acquittal because under the evidence as a whole it was clearly unreasonable for the jury to find guilt. *Commonwealth v. Benham*, Ky., 816 S.W.2d 186, 187 (1991). However, on a motion for a directed verdict the trial court must draw all fair and reasonable inferences from the evidence in favor of the Commonwealth. *Edmonds v. Commonwealth*, Ky., 906 S.W.2d 343 (1995).

The majority's interpretation of KRS 218.992 is inconsistent with the plain language of the statute. The statute does not require proof of a nexus between the firearm possession and the drug offenses. All that is required is possession. Possession is a question of fact ordinarily not reviewable by an appellate court. Inherent in the concept of possession is accessibility. Here the statute was fully satisfied. There was more than sufficient evidence for the fact finder to infer a sufficient connection.

*Houston v. Commonwealth*, Ky., 975 S.W.2d 925 (1998), holds that a drug violation penalty may be enhanced under KRS 218A.992 if the violator has constructive possession of a firearm. The facts in this case clearly satisfy the constructive possession requirement of *Houston* because the weapon was only a few feet away and retrievable in a matter of seconds.

Legislatures have enhanced the penalty for possession of a firearm in connection with drug dealings because a firearm increases the likelihood and potential for greater violence. Moreover, the accessibility and proximity of semi-automatic handguns for drug dealers creates a daily and deadly challenge not only to crime control but also to public safety. Appellee did not have a mere hunting rifle in her possession, but rather she had ready access to a lethal semi-automatic handgun. This type of weapon is standard equipment for successful drug dealers.

LAMBERT, C.J., and WINTERSHEIMER, J., join in this dissenting opinion.