# IMPORTANT NOTICE
## NOT TO BE PUBLISHED OPINION

THIS OPINION IS DESIGNATED "NOT TO BE PUBLISHED."
PURSUANT TO THE RULES OF CIVIL PROCEDURE
PROMULGATED BY THE SUPREME COURT, CR 76.28(4)(C),
THIS OPINION IS NOT TO BE PUBLISHED AND SHALL NOT BE
CITED OR USED AS BINDING PRECEDENT IN ANY OTHER
CASE IN ANY COURT OF THIS STATE; HOWEVER,
UNPUBLISHED KENTUCKY APPELLATE DECISIONS,
RENDERED AFTER JANUARY 1, 2003, MAY BE CITED FOR
CONSIDERATION BY THE COURT IF THERE IS NO PUBLISHED
OPINION THAT WOULD ADEQUATELY ADDRESS THE ISSUE
BEFORE THE COURT. OPINIONS CITED FOR CONSIDERATION
BY THE COURT SHALL BE SET OUT AS AN UNPUBLISHED
DECISION IN THE FILED DOCUMENT AND A COPY OF THE
ENTIRE DECISION SHALL BE TENDERED ALONG WITH THE
DOCUMENT TO THE COURT AND ALL PARTIES TO THE
ACTION.


# Supreme Court of Kentucky

## 2019-SC-000356-MR

JAMES RICHARDSON                         APPELLANT

V.                ON APPEAL FROM HARDIN CIRCUIT COURT
HONORABLE KEN M. HOWARD, JUDGE
NO. 18-CR-00876

COMMONWEALTH OF KENTUCKY          APPELLEE

**MEMORANDUM OPINION OF THE COURT**

**AFFIRMING**

James Richardson appeals from the Hardin Circuit Court's judgment convicting him of trafficking in marijuana, five pounds or more, second or subsequent offense, firearm enhanced; first-degree trafficking in a controlled substance (cocaine), second or subsequent offense, firearm enhanced; third-degree trafficking in a controlled substance (alprazolam), second or subsequent offense, firearm enhanced; and possession of a handgun by a convicted felon. For these offenses, Richardson was sentenced to prison for thirty-five (35) years. On appeal, he claims the trial court erred by admitting a detective's irrelevant, confusing, and cumulative testimony and by denying his motions for a directed verdict. After review, we affirm the Hardin Circuit Court's judgment.

1

## FACTUAL AND PROCEDURAL BACKGROUND

According to trial testimony, sometime in the spring or early summer of 2018, the Elizabethtown Police Department (EPD) received a photo via social media of James Mack Richardson. The photo showed Richardson with a large bag of marijuana in his hand. A set of digital scales, a box of sandwich bags, a stack of $100 bills, and multiple buds of marijuana were on the table in front of him.

Subsequently, Officer Chris Smith, a K-9 officer with the EPD, started observing activity at Richardson's house during his shifts. In mid-July, Officer Smith observed more traffic than usual and people entering and leaving the house. Officer Smith then followed a vehicle that left Richardson's house. At one turn, the driver began speeding and Officer Smith initiated a traffic stop. As he approached the car, Officer Smith could smell marijuana. Although the driver said no marijuana was in the car, Officer Smith's canine alerted on the stopped vehicle. During a search of the car, Officer Smith found about one-half ounce of marijuana in two bags. The driver told Officer Smith that he purchased the marijuana from Richardson and described the room in the house where Richardson went to retrieve the marijuana.

Following this traffic stop, Officer Smith began preparing an affidavit and search warrant for Richardson's residence. While he did so, Detective Clinton Turner watched the house and contacted Detective Mike Barry, a member of the Greater Hardin County Narcotics Task Force (Drug Task Force). When Richardson left the house, Detective Turner followed him. Detective Turner testified that Richardson was driving fast and weaving in and out of lanes

between Elizabethtown and Radcliff. Another officer eventually stopped Richardson and Detective Turner arrived on the scene shortly after. Detective Turner smelled marijuana in the vehicle, and a search resulted in his finding two joints in the console.

Officer Smith served and executed a search warrant on Richardson's house while Richardson was away and detained by other officers for the traffic stop. Richardson's girlfriend was present in the living room of the house. In Richardson's bedroom, officers found several large bags containing marijuana, a cooler bag containing THC liquids, a bag of cocaine, and a handgun laid out over the bed. A suitcase on the bedroom floor contained several additional bags of vacuum-sealed marijuana. Large amounts of cash, along with a handgun, were found hidden inside of and behind a dresser. On the floor in front of the dresser, the officers found more bags containing marijuana. In all, officers recovered about 166 tablets of alprazolam (Xanax), between 3 and 3.5 ounces of cocaine, 14 pounds of marijuana, 150 small bottles of marijuana concentrate, 28 marijuana vapes, 14 blunts (marijuana cigars), two handguns, and $15,000 cash.

Richardson was indicted for and found guilty by a jury of (1) trafficking in marijuana, five pounds or more, second or subsequent offense, firearm enhanced; (2) first-degree trafficking in a controlled substance (cocaine), second or subsequent offense, firearm enhanced; (3) third-degree trafficking in a controlled substance (alprazolam), second or subsequent offense, firearm

3

enhanced; and (4) possession of a handgun by a convicted felon.[1] The jury

recommended Richardson serve a total sentence of thirty-five (35) years, and

the trial court sentenced Richardson consistent with the jury's

recommendation. This appeal followed.

## ANALYSIS

Richardson contends, by way of two arguments, that the trial court erred

when admitting parts of Detective Barry's testimony. He also claims the trial

court erred by failing to grant directed verdicts on the firearm enhancements

related to the trafficking in marijuana and the trafficking in cocaine charges.

I. **The trial court did not commit palpable error by admitting Detective Barry's testimony.**

### A. Testimony about parts of the drug trade was not irrelevant, confusing or cumulative.

Detective Mike Barry, assigned to the Drug Task Force, testified at trial

about law enforcements' and his associated efforts to arrest and prosecute drug

users and suppliers. He testified that users may serve as confidential

informants and participate in controlled buys from suppliers. Defense counsel

objected to the questioning, contending the Commonwealth had not properly

introduced Detective Barry as an expert witness to educate the jury about

trafficking. The Commonwealth responded that Detective Barry was testifying

about subjects within his training and experience as a Drug Task Force officer.

The trial court overruled the objection, finding that Detective Barry was an

---

[1] The trial court dismissed the four other offenses for which Richardson was indicted: possession of marijuana; illegal use/possession of drug paraphernalia; use and investment of drug related income; and failure to notify Transportation Cabinet of change of address.

4

officer with specialized knowledge based upon his experience and knowledge in his established area of expertise and could testify accordingly.

Within this first issue regarding Detective Barry's testimony, Richardson does not challenge on appeal the propriety of Detective Barry testifying as an expert but contends that Detective Barry's testimony about parts of the drug trade was irrelevant, confused the issues for the jury, or was cumulative. Given that Richardson's challenges are mainly in regard to the testimony about confidential informants and controlled buys, Richardson seems to contend that, along with his objection to Detective Barry's testimony at trial, this issue is preserved through the denial of his pretrial motion for the names of confidential informants in this case. The Commonwealth responded to the pretrial motion by stating that no confidential informants would be testifying in the trial as the case was not based on a controlled buy. Richardson alternatively seeks RCr² 10.26 palpable error review if the claims of error are not properly preserved.

Because we find neither the pretrial nor the trial motion preserved the specific issue as to whether Detective Barry's testimony about parts of the drug trade was irrelevant, confused the issues, and cumulative, relief may only be afforded if palpable error occurred.

> Under RCr 10.26, an unpreserved error may generally be noticed on appeal *if* the error is palpable [i.e., easily perceptible, plain, obvious and readily noticeable] and *if* it affects the substantial rights of a party. Even then, relief is appropriate only [if the error resulted in manifest injustice]. . . . Generally, a palpable error affects the substantial rights of the party only if it is more likely than ordinary error to have affected the judgment.

---

² Kentucky Rule of Criminal Procedure.

*Martin v. Commonwealth*, 409 S.W.3d 340, 344 (Ky. 2013) (internal quotations and citations omitted).

Relevant evidence is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." KRE[3] 401. As a general rule, all relevant evidence is admissible. KRE 402. Relevant evidence may be excluded, however, when the trial court determines, exercising it discretion, that "its probative value is substantially outweighed by the danger of undue prejudice, confusion of the issues [i.e., whether there is a tendency of evidence to confuse or distract the jury from the main issues in the case[4]], or misleading the jury, or by considerations of undue delay, or needless presentation of cumulative evidence." KRE 403; *Webb v. Commonwealth*, 387 S.W.3d 319, 326 (Ky. 2012) (citation omitted). On the other hand, irrelevant evidence is not admissible, KRE 402, and a trial court has no discretion to admit it, *Cunningham v. Commonwealth*, 501 S.W.3d 414, 422 (Ky. 2016).

Richardson argues that the jury heard in the context of Detective Barry's testimony about law enforcement officers' use of confidential informants and controlled buys; and also about the price a user might pay for smaller, personal use quantities of drugs versus the price local suppliers involved in the sale of marijuana or cocaine pay for larger quantities of those drugs, all of

---

[3] Kentucky Rule of Evidence.

[4] *Ten Broeck Dupont, Inc. v. Brooks*, 283 S.W.3d 705, 715 (Ky. 2009).

6

which was irrelevant to proving whether Richardson himself was trafficking in drugs. Focusing on the second category of evidence, we cannot agree with Richardson that Detective Barry's quantity and price testimony was not relevant. As the trial court aptly stated when overruling Richardson's subject-matter-expert objection, Detective Barry's testimony was relevant and helpful to the jury in deciding whether the type, amounts, and packaging of the drugs found in this case were consistent with personal use or with trafficking.

Richardson also contends that Detective Barry's testimony about using confidential informants and doing controlled buys, neither of which were part of this case, confused the issue as to whether the jury had enough evidence to find that Richardson possessed drugs with intent to traffic. He further argues that Detective Barry's testimony that some marijuana is delivered through the United States Postal Service (USPS) was irrelevant and his testimony about how USPS investigators and Drug Task Force officers may work together on such cases also confused the issues because no such collaboration was involved in this case. In support of this latter contention, Richardson points to a juror's question about whether the police had means of detecting marijuana sent through the mail as evidence that this particular testimony took at least one juror's attention from relevant facts.

Detective Barry's testimony regarding the use of confidential informants and arranging controlled buys was relevant as background regarding drug trafficking investigations, and we do not find that its probative value was substantially outweighed by any danger of distracting the jury from the main issue of whether Richardson was guilty of trafficking in marijuana, cocaine,

7

and alprazolam. As to the relevancy of and confusion from testimony regarding the mailing of illegal drugs through the USPS, Detective Barry provided information about the methods of trafficking drugs to the geographic area, one being use of the USPS. His knowledge of drug trafficking provided the context for his testimony as to distinguishing drug user versus drug trafficker behaviors. Thus, we cannot find that this information was irrelevant or that it confused the issues that the jury needed to decide. To the extent Detective Barry's initial testimony may have caused confusion within the jury, both the Commonwealth and defense counsel examined Detective Barry after he responded to the juror's question, clarifying that in this particular case there was no evidence indicating the drugs were sent through the USPS. Notably, Richardson himself elicited in his defense on cross-examination of Detective Barry that it was possible that the marijuana in this case came through the USPS, and if so, he had no idea whether the marijuana was sent to Richardson or someone else.

Richardson further argues that Detective Barry's testimony that the amount of marijuana and cocaine found in his house was reflective of trafficking was irrelevant and cumulative[5] to Officer Smith's testimony, testimony which the jury could use to infer Richardson possessed the intent to sell, distribute, or dispense the drugs to another person. As to cumulative evidence, we have previously explained that "[m]ultiple witnesses bring multiple viewpoints and 'testimony from multiple sources about the same event is likely

---

[5] Richardson does not specifically argue that Detective Barry's testimony was cumulative, but that is the gist of the argument in his reply brief.

to differ in ways that are helpful to the factfinder.'" *Doneghy v. Commonwealth*, 410 S.W.3d 95, 109 (Ky. 2013) (quoting Christopher B. Mueller & Laird C. Kirkpatrick, *Federal Evidence* § 4:12 (3d ed. 2012)). "At times it is reasonable for a party to insist that 'one witness is good, but two or three will make my case much stronger, even though all will testify in a similar vein.' In short, the discretion to exclude cumulative evidence must be exercised in a discriminating fashion, and with wisdom, particularly where the evidence goes to issues of central importance." *Ten Broeck Dupont*, 283 S.W.3d at 715 (citing Robert G. Lawson, *Kentucky Evidence Law Handbook* § 2.10[5] (4th ed. 2003) (quoting 1 Mueller & Kirkpatrick, *Federal Evidence* § 96 (2d ed. 1994))).

Here, Detective Barry and Officer Smith both testified in regard to relevant circumstances indicative of Richardson's drug trafficking but their roles in the case were different and they presented differing, non-overlapping testimony helpful to the jury in deciding whether Richardson was guilty of the trafficking charges. Consequently, we do not find Detective Barry's testimony irrelevant or cumulative to Officer Smith's.

Although we conclude that none of the preceding arguments reveal a palpable error, we note that even if palpable error did exist, the alleged errors would not entitle Richardson to relief. As detailed above, the Commonwealth presented enough evidence from which the jury could find Richardson guilty of trafficking, enhanced by firearm possession. This evidence included the photographic evidence of Richardson holding a large bag of marijuana, surrounded by marijuana buds, digital scales, sandwich bags, and $100 bills; the testimony that the individual who was stopped after leaving Richardson's,

9

smelling of marijuana, possessed two baggies of marijuana, told the investigating officer he purchased from Richardson; and the testimony that the search warrant executed on Richardson's house yielded 14 pounds of marijuana packaged in vacuum-sealed plastic bags, 166 tablets of alprazolam, at least 3 ounces of cocaine, 150 small bottles of THC concentrate, 28 marijuana vapes, 14 blunts, two handguns, and $15,000 cash. The Commonwealth also introduced Richardson's then-girlfriend's testimony that the firearms in Richardson's bedroom did not belong to her. Given this evidence, no substantial possibility exists that the jury's verdict in this case would have been different but for the alleged error.

### B. It was not palpable error to admit Detective Barry's professional background testimony about THC levels in current marijuana sales.

As described above, when introduced as a witness, Detective Barry testified about his experience and training as a member of the Drug Task Force. While providing information about his Drug Task Force training and experience encountering different types and grades of marijuana, he also described the marijuana sold today as being high-grade with a THC[6] level of at least 30% as compared to marijuana sold in the 1970s and 1980s which had a THC level around 10%. Richardson did not object during this testimony. On appeal, however, he contends that Detective Barry was not qualified as an expert in determining the THC content of marijuana, as his regular police

---

[6] THC is the main psychoactive compound in marijuana. National Institute on Drug Abuse,-*What is marijuana?* www.drugabuse.gov/publications/research-reports/marijuana/what-marijuana (Apr. 13, 2020).

training does not traditionally encompass the type of special knowledge and chemist-type training required to determine THC levels, and that his testimony about THC was irrelevant. Richardson seeks palpable error review of this testimony.

Richardson argues that the Commonwealth was required under KRE 702 to qualify Detective Barry as an expert before he testified. KRE 702 states that

> [i]f scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if . . . [t]he testimony is based upon sufficient facts or data . . . .

At trial, Detective Barry described his training and experience as a Drug Task Force detective. According to his testimony, he obtained this knowledge of the changes in marijuana potency over time through his training. When the trial court addressed Richardson's subsequent objection to Detective Barry testifying as a subject-matter expert, the trial court noted that Detective Barry was an officer with experience and training with specialized knowledge, but not an expert in a traditional sense of some theory of science. And as noted above, the trial court determined that Detective Barry's testimony regarding the type, packaging, and amounts of drugs found was within his established area of expertise. Even if in the course of Detective Barry's testimony regarding his training and background his specific testimony about changing THC levels in marijuana was improperly admitted under KRE 702 and KRE 402, the error was not "so obvious that the trial court was remiss in failing to act upon it *sua*

11

*sponte."* *Lamb v. Commonwealth*, 510 S.W.3d 316, 325 (Ky. 2017). Like the issues examined above, RCr 10.26 relief is not available for this claim of error.

## II. The trial court did not err by denying Richardson's motions for a directed verdict.

Richardson's trial counsel moved for a directed verdict on the firearm enhancement on the trafficking in marijuana and the trafficking in cocaine charges. He argued that there was no nexus between the firearms, located in the bedroom, and the drugs and there was no testimony that Richardson was carrying a firearm when he was stopped. The trial court denied the motions at the close of the Commonwealth's case and again at the close of all evidence.

On appeal, Richardson claims that the evidence at trial failed to establish that he had constructive possession of a firearm at the time of the commission of the offenses and in furtherance of the offenses. When reviewing a motion for a directed verdict,

> the trial court must draw all fair and reasonable inferences from the evidence in favor of the Commonwealth. If the evidence is sufficient to induce a reasonable juror to believe beyond a reasonable doubt that the defendant is guilty, a directed verdict should not be given. For the purpose of ruling on the motion, the trial court must assume that the evidence for the Commonwealth is true, but reserve for the jury questions as to the credibility and weight to be given to such testimony.

*Commonwealth v. Benham*, 816 S.W.2d 186, 187 (Ky. 1991).

KRS 218A.992(1) provides that "[o]ther provisions of law notwithstanding, any person who is convicted of any violation of [Chapter 218A Controlled Substances] who, at the time of the commission of the offense and in furtherance of the offense, was in possession of a firearm, shall [be penalized with the prescribed sentence enhancement]." KRS 218A.992 does not require

12

actual possession of a firearm. *Houston v. Commonwealth*, 975 S.W.2d 925, 927 (Ky. 1998). However, as in this case, "when it cannot be established that the defendant was in actual possession of a firearm or that a [constructively possessed] firearm was within his or her immediate control upon arrest, the Commonwealth must prove more than mere possession. It must prove some connection between the firearm possession and the crime." *Commonwealth v. Montaque*, 23 S.W.3d 629, 633 (Ky. 2000).

In *Montaque*, the defendant was charged with trafficking in a controlled substance (cocaine) in the first degree and possession of a firearm at the time of the commission of the offense. *Id.* at 630. The defendant was charged under KRS 218A.992 when an unloaded, semi-automatic handgun was found in the trunk of a borrowed car which was parked in her apartment building's parking lot. *Id.* at 631. The police found the unloaded gun wrapped in a plastic shopping bag along with two ammunition clips and a box of loose shells. *Id.* Because there was nothing to connect the car or the gun to the defendant's possession or trafficking of drugs, this Court affirmed the Court of Appeals' decision that the trial court erred by not granting the defendant's motion for a directed verdict on the KRS 218A.992 penalty enhancement. *Id.* at 633. We further explained that if drugs had been found in the car along with the gun, or if there was evidence that the defendant used the car in connection with or to facilitate her offenses, a sufficient connection would have been established to create a question of fact for the jury. *Id.*

Here, the police found the guns in proximity to the drugs Richardson was charged with trafficking; one loaded firearm was found next to the cash in a

13

dresser drawer in Richardson's bedroom and another loaded firearm was found next to the marijuana on the bed in the same bedroom. This evidence was sufficient to induce a reasonable juror to believe beyond a reasonable doubt that Richardson possessed the guns at the time and in furtherance of his offenses to protect the cash and the drugs, the amounts of which were indicative of trafficking. *See id.* The trial court did not err by denying Richardson's directed verdict motions under our *Benham* directed verdict standard.

## **CONCLUSION**

For the foregoing reasons, the Hardin Circuit Court's judgment is affirmed.

All sitting. All concur.

COUNSEL FOR APPELLANT:

Julia Karol Pearson
Assistant Public Advocate

COUNSEL FOR APPELLEE:

Daniel Jay Cameron
Attorney General of Kentucky

Lauren Rachel Lewis
Assistant Attorney General