RENDERED: JANUARY 30, 2026; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2024-CA-0480-MR

BRUCE WAYNE EMBRY                                                    APPELLANT

v.
APPEAL FROM MUHLENBERG CIRCUIT COURT
HONORABLE BRIAN WIGGINS, JUDGE
ACTION NO. 21-CR-00192

COMMONWEALTH OF
KENTUCKY                                                                            APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: ACREE, KAREM, AND LAMBERT, JUDGES.

ACREE, JUDGE: Appellant Bruce Embry appeals the trial court's judgment and his conviction from the Muhlenberg Circuit Court. We affirm.

## BACKGROUND

A jury convicted Embry of trafficking in a controlled substance (methamphetamine) in the first degree, trafficking in a controlled substance

(heroin) in the first degree, and possession of a handgun by a felon.  The jury[1] found Embry was a persistent felony offender (PFO) and recommended 50 years' imprisonment on each trafficking charge and 20 years on the handgun possession charge, to run consecutively and capped at 70 years.

Embry appealed directly to the Kentucky Supreme Court, alleging seven errors by the trial court.  The Court affirmed his conviction and sentence.

He subsequently filed a *pro se* motion to vacate his sentence pursuant to RCr[2] 11.42, raising six ineffective assistance of counsel claims.  The Commonwealth denied all six claims and, following briefing, the trial court denied Embry's motion.  Embry now appeals the trial court's denial.

## ANALYSIS

A trial court's denial of an RCr 11.42 motion is reviewed for an abuse of discretion.  *Teague v. Commonwealth*, 428 S.W.3d 630, 633 (Ky. App. 2014).  The standards for measuring such claims are set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 2064, 80 L. Ed. 2d 674 (1984).  First, the defendant must show the performance of the defendant's lawyer was so deficient and his errors so serious that he was not functioning as the "counsel" guaranteed the

---

[1] A mistrial was declared during the penalty phase, resulting in a second jury trial to recommend Embry's sentence.

[2] Kentucky Rules of Criminal Procedure.

defendant by the Sixth Amendment. *Id*. at 687, 104 S. Ct. at 2064. However, he must also show the deficiencies and errors so prejudiced the legal defense that it deprived the defendant of a fair trial and a reliable result. *Id*. Anything less than both showings means there was not a breakdown in the adversary process such that the result is unreliable. *Id.*

## I. Embry was not subjected to an impermissible double enhancement.

Embry's first argument is premised upon the erroneous belief that "the jury instructions as a whole permitted the Commonwealth to seek a double penalty enhancement of the trafficking in controlled substances charges[.]" (Appellant's Br. at 4). Defense counsel's failure to prevent that, so goes Embry's argument, was ineffective assistance. We disagree.

Embry was convicted of two counts of first-degree trafficking in a controlled substance while in possession of a firearm (methamphetamine and heroin). These are Class C felonies for the first offense and Class B felonies for a second or subsequent offense. KRS[3] 218A.1412(3)(a). The Commonwealth treated both as Class C felonies. However, another section of this Chapter says:

> any person who is convicted of any violation of this chapter who, at the time of the commission of the offense and in furtherance of the offense, was in possession of a firearm, shall . . . [b]e penalized one (1) class more severely than provided in the penalty provision pertaining to that offense if it is a felony . . . .

---

[3] Kentucky Revised Statutes.

KRS 218A.992(1)(a). This statute "operates to enhance the conviction, not simply the sentence." *Mills v. Dep't of Corrs. Offender Info. Servs.*, 438 S.W.3d 328, 335 (Ky. 2014). Therefore, both Embry's convictions were Class B felonies before his prosecution reached the persistent felony offender stage.

KRS 532.080(3) says a defendant previously convicted of two or more prior felonies is a first-degree persistent felony offender. Embry was found to be such a felon. In accordance with another statute in that chapter, a first-degree persistent felony offender who is subsequently convicted of a Class B felony "shall be sentenced to an indeterminate term of imprisonment, the maximum of which shall not be less than twenty (20) years nor more than fifty (50) years, or life imprisonment . . . ." KRS 532.080(6)(a). Our Supreme Court concluded this was proper sentencing. *See Commonwealth v. Grimes*, 698 S.W.2d 836, 837 (Ky. 1985) (drug conviction enhanced as a second offense can be "further enhanced by a persistent felony offender second degree charge pursuant to the general PFO statute, KRS 532.080, where the PFO charge is grounded on a prior, unrelated conviction.").

The underlying premise of Embry's first argument—improper sentence enhancement—is false. This defeats any claim his counsel failed to object to jury instructions that were in no way erroneous.

II.     **There was sufficient evidence proving the nexus required in KRS 218A.992(1)**.

Attempting to capitalize on the language of KRS 218A.992 that a charge can be enhanced if a firearm was used "in furtherance of the offense," Embry argues his counsel should have concocted a jury instruction requiring the Commonwealth to prove "the nexus between the crime and possession of a firearm." (Appellant's Br. at 7). We disagree.

"[O]ur guidepost for when the Commonwealth must prove a 'nexus' pursuant to KRS 218A.992" is *Commonwealth v. Montaque*, 23 S.W.3d 629 (Ky. 2000). That case says:

> [W]henever it is established . . . that a defendant had constructive possession of a firearm within his or her "immediate control" when arrested, then . . . the Commonwealth should not have to prove any connection between the offense and the possession for the sentence enhancement to be applicable. . . .

*Johnson v. Commonwealth*, 105 S.W.3d 430, 436 (Ky. 2003) (quoting *Montague*, 23 S.W.3d at 632–33).

The evidence clearly shows a proper warrant was issued to search Embry's garage. Upon entry, officers observed Embry sitting on a couch with his daughter. Two handguns were stuffed between the couch cushions. A bag containing a white crystalline substance was found in a filing cabinet and other

drugs found nearby. *Montague* makes it clear that was enough proof to support the instructions presented to the jury.

The jury instructions clearly set forth the required elements of first-degree trafficking in a controlled substance (methamphetamine) (Count One): (A) that Embry had in his possession a quantity of two or more grams of methamphetamine; (B) that he knew the substance so possessed by him was methamphetamine; and (C) that he had the methamphetamine in his possession with the intent to sell it to another person. (Record (R.) at 62). If the jury found Embry guilty under this instruction, the jury was instructed to further state in its verdict whether it believed from the evidence beyond a reasonable doubt: (A) that when he committed the offense, he was in possession of a firearm; and (B) that the firearm furthered the offense. (*Id.*). The instructions for count two contained the same requirements, the only difference being the drug involved was heroin. (R. at 63).

Embry's counsel could never have created a lawful jury instruction that would have blinded the trial court to *Montague* or the jury to the fact that firearms were within his client's immediate control when he was arrested for the charged offense. This argument fails as well.

**III.** **The jury properly convicted Embry of two counts of trafficking, and trial counsel was not ineffective for failing to challenge an "implicit verdict of acquittal**."

Next, Embry claims trial counsel was ineffective because he:

> failed to notice the jury's failure to find Embry guilty of the two trafficking offense [sic] as required by Section B of the Jury verdict forms, . . . compounding the error by failing to move the court for both a judgment of acquittal and judgment notwithstanding the verdict, the failure of which permitted Embry to be convicted of crimes for which the jury by implicit acquittal found him not guilty of through an inapplicable statutory deficient enhancement finding of furtherance of the offenses while in possession of a firearm, a verdict which is a legal nullity requiring reversal of the Judgment of convictions[.]

(Appellant's Br. at 13). This argument is mystifyingly incorrect.

The verdict forms were taken directly from COOPER AND CETRULO, KENTUCKY INSTRUCTIONS TO JURIES, Criminal § 9.35B (LexisNexis 6th Ed. 2017). They presented the jury with three options: the jury could find the defendant not guilty of trafficking in a controlled substance in the first-degree, the jury could find him guilty, or the jury could find him guilty and further find that he was guilty and was in possession of a firearm in furtherance of the offense when he committed the offense. (R. at 64-65). The jury executed the form by choosing the last option. This did not convert the jury's non-selection of the first two options to implicit acquittals. This argument fails.

IV. **Trial counsel was not ineffective for failing to request forensic testing on the two firearms found in the garage**.

Embry claims his trial counsel should have requested fingerprint and touch DNA analysis on the firearms recovered from the garage. He argues "it is normal practice for law enforcement to subject firearms connected to a crime to forensic testing to determine whether said firearm could be directly linked to the accused" and that his "handling of the firearms . . . would necessitate the transfer of his DNA to [the firearms, shells, and magazine] which could be determined through touch DNA testing." (Appellant's Br. at 21).

If what Embry now says he wanted his counsel to do had been done, and even presuming he never touched the firearms, nothing in this case would be changed. Unequivocally, Embry was within immediate control of firearms. This is sufficient proof to support factfinding that he was a felon in possession of a firearm and to enhance his charges.

*Strickland* says, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Strickland*, 466 U.S. at 689, 104 S. Ct. at 2065 (internal quotation marks omitted). As the Commonwealth correctly notes, Embry cannot overcome this presumption.

But we can conceive of no strategic advantage such testing would have provide.

Embry's counsel did not err by not submitting the firearms for forensic testing.

**V.      Trial counsel was not ineffective for failing to subpoena "Poncho" Jones to testify regarding firearm ownership.**

Finally, Embry claims trial counsel was ineffective for not calling his friend, "Poncho" Jones, as a witness.  Embry claims Jones would have testified the firearms belonged to him, not Embry.  However, we conclude not calling Jones was a justifiable strategy.

The decision to not call a witness is "normally left to counsel's judgment and this decision will not be second-guessed by hindsight." *Commonwealth v. Rank*, 494 S.W.3d 476, 488 (Ky. 2016).  Even in hindsight, however, the decision was a solid one.

Jones is a felon.  His possession of a firearm was a crime.  Counsel "may have indeed feared that Jones, himself a convicted felon, would be far less willing to make the statements that the defendant claimed under oath . . . as doing so would expose Jones to criminal liability."  (R. at 93).  Jones also provided inconsistent affidavits, exposing him to effective cross-examination.  (R. at 58).

Embry's counsel did present evidence Jones owned the firearms. Both Embry and his wife testified that Jones was the primary occupant of the garage.  There is no ineffective assistance of trial counsel claim on this basis.

## CONCLUSION

The Muhlenberg Circuit Court's order denying RCr 11.42 relief is affirmed.

ALL CONCUR.

BRIEF FOR APPELLANT:

Bruce Wayne Embry, *pro se*
West Liberty, Kentucky

BRIEF FOR APPELLEE:

Russell Coleman
Attorney General of Kentucky

Stephanie L. McKeehan
Assistant Attorney General
Frankfort, Kentucky